UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

LORENZO ALVAREZ
#A116839

                    PLAINTIFF

        Vs.

ANTHONY WILLS (WARDEN)
KEVIN KINKECT (ACTING WARDEN)

                    DEFENDANT

CASE NO. 24-2568-DWD
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §
1983 (STATE PRISONER)

SCANNED at MENARD and E-mailed
12/5/24 by JA 153 pages
Date      initials   No.

## JURISDICTION

## PLAINTIFF

A. LORENZO ALVAREZ
   #A116839
   P.O. BOX 1000
   MENARD IL 62259
   MENARD C.C.

## DEFENDANT #1

B. DEFENDANT "ANTHONY WILLS" IS EMPLOYED AS
CHIEF ADMINISTRATIVE OFFICER/WARDEN WITH MENARD
CORRECTIONAL CENTER P.O. BOX 1000, MENARD IL
62259.

   AT THE TIME OF THIS CLAIM WAS DEFENDANT #1
EMPLOYED BY THE STATE, LOCAL, OR FEDERAL GOVERN
NT? YES

J.B. PRITZKER AND ALL PRISON EMPLOYEES ARE COMPEN
SATED THROUGH STATE OF ILLINOIS TAX PAYING
CITIZENS.

DEFENDANT #2

DEFENDANT "KEVIN REICHERT" IS EMPLOYED AS
ASSISTANT WARDEN THAT ACTS AS THE CHIEF
ADMINISTRATIVE OFFICER / WARDEN IN ANTHONY WILLS
ABSENCE WITH MENARD CORRECTIONAL CENTER
P.O. BOX 1000, MENARD IL 62259

AT THE TIME THE CLAIM CAME INTO EXISTENCE
WAS DEFENDANT #2 EMPLOYED BY THE STATE, LOCAL
OR FEDERAL GOVERNMENT? YES

THE "STATE PRISONS" ARE SUBORDINATE TO GOVERNOR
J.B. PRITZKER AND ALL PRISON EMPLOYEES ARE
COMPENSATED THROUGH STATE OF ILLINOIS TAX PAYING
CITIZENS.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

IS THERE A GRIEVANCE PROCEDURE AVAILABLE AT
YOUR INSTITUTION? YES

HAVE YOU FILED A GRIEVANCE CONCERNING THE
FACTS IN THIS COMPLAINT? YES

2.

• WHAT STEPS DID YOU TAKE?

— PLAINTIFF FILED MULTIPLE GRIEVANCES REGARDING HIS CONDITIONS OF CONFINEMENT.

• WHAT WAS THE RESULTS?

— PLAINTIFF RECEIVED NO CHANGE OF ASSISTANCE REGARDING HIS GRIEVANCES.

• DID YOU APPEAL?

— PLAINTIFF APPEALED TIMELY ON EVERY GRIEVANCE FILED, THE A.R.B (ADMINISTRATIVE REVIEW BOARD) HAS NOT DONE ANYTHING TO CHANGE PLAINTIFF'S CONDITIONS.

— SOME GRIEVANCES I'VE FILED HAVE BEEN PURPOSELY HELD FOR LENGTHY TIME FRAMES SO EXHAUSTION PROTOCOL CANNOT BE MET.

• IS THE GRIEVANCE PROCEDURE NOW COMPLETED?

— No

• IF THERE IS NO GRIEVANCE PROCEDURE (OR A INADEQUATE PROCEDURE) IN THE INSTITUTION, DID YOU COMPLAIN TO AUTHORITIES?

— Yes

• WHAT STEPS DID YOU TAKE?

— I'VE (PLAINTIFF) WROTE LETTERS TO COUNSELORS AND PROGRAM ADMINISTRATORS ALONG WITH THE WARDEN.

3

- WHAT WAS ...

- VAGUE RESPONSES AND EXCUSES ABOUT BACKLOG AND ALSO BEING TOLD TO BE PATIENT AFTER MONTHS OF DELAY

## PREVIOUS LAWSUIT HISTORY

- PLAINTIFF HAS <u>NEVER</u> FILED A LAWSUIT BEFORE IN NO STATE OR FEDERAL COURT.

## STATEMENT OF CLAIMS

- PLAINTIFF HAS BEEN DENIED HIS RIGHTS TO ADEQUATE LIVING CONDITIONS WHILE CONFINED IN RESTRICTIVE HOUSING. "<u>SEGREGATION</u>" WITHIN MENARD CORRECTIONAL CENTER. PLAINTIFF HAS BEEN PURPOSELY PLACED IN DELIBERATE INDIFF ERENCES, EXPOSURE TO INHUMANE LIVING CONDIT- IONS THAT ARE <u>CLEARLY</u> UNUSUAL, CRUEL AND PUNISHMENT TO PLAINTIFF. DO TO THE LENGTH OF THE CLAIM PLAINTIFF STARTS THE REST OF LIFE CLAIM ON EXTRA (SEPERATE) PAPER.

## RELIEF REQUESTED

- A PERMANENT INJUNCTION STIPULATING THE MANDA TORY ISSUANCE OF RECREATION/EXERCISE FOR INMATES WITHIN "RESTRICTIVE HOUSING".
- IMMEDIATE HEALTH CARE TREATMENT DUE TO THE EXPOSURE TO SMOKE, FILTH, WASTE, FECES AND URINE.

4.

- PLAINTIFF RECIEVE $75.00 (SEVENTY FIVE DOLLARS) EVERYDAY PLAINTIFF WAS HOUSED IN RESTRICTIVE HOUSING ENDURING THESE CLEAR VIOLATION OF HIS RIGHTS.

- PLAINTIFF RECIEVE $75.00 (SEVENTY FIVE DOLLARS) EVERYDAY PLAINTIFF WAS HOUSED IN RESTRICTIVE HOUSING ENDURING MENTAL AND PHYSICAL MISTREATMENT.

- PLAINTIFF RECIEVE ADEQUATE MENTAL HEALTH CARE AND TREATMENT.

- PLAINTIFF ALSO RECIEVE $45,000 (FORTY FIVE THOUSAND) IN PUNITIVE DAMAGES RELIEF DUE TO "ANTHONY WILLS" (WARDEN) RECKLESS AND CALLOUS INDIFFERENCE TO PLAINTIFF RIGHTS.

## PENALTY OF PERJURY / CERTIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT

CORRECT, I AM SUBJECT TO SANCTIONS BY THE

COURT.

EXECUTED AT MENARD, ILLINOIS

DATE: Sept-10-2024

/s/ Lorenzo Alvarez M16839

LORENZO ALVAREZ

#M16839

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF ILLINOIS

LORENZO ALVAREZ
# N16839

PLAINTIFF,

VS.

CASE NO. 24-2568-DWD

CIVIL RIGHTS COMPLAINT

ANTHONY WILLS (WARDEN)       PURSUANT TO 42 U.S.C § 1983

KEVIN REICHERT (ACTING WARDEN)     (STATE PRISONER)

DEFENDANTS,

COMPLAINT

1. NOW COMES PLAINTIFF, LORENZO ALVAREZ, BY AND THROUGH "JAILHOUSE LAWYER" MARCELLUS A. FRENCH SR. PLAINTIFF MR. ALVAREZ IS A MENTAL HEALTH PATIENT, CLASSIFIED "S.M.I" SERIOUSLY MENTALLY ILL. MR. ALVAREZ IS IN NO SHAPE MENTALLY TO REPRESENT HIMSELF REGARDING THIS LEGAL PROCEEDING, WHICH IS WHY PLAINTIFF REQUEST THIS COURT TO APPOINT HIM COUNSEL SHOULD PLAINTIFF'S "CONDITION OF CONFINEMENT" CLAIM STAND AS A SHOWING OF A CONSTITUTIONAL VIOLATION.

2. IN REGARDS TO PLAINTIFF'S CLAIM, DURING PLAINTIFF'S PLACEMENT IN SEGREGATION FROM JUNE 2023 TO MARCH 2024 THE TOTALITY OF THE CONDITIONS OF PLAINTIFF'S CONFINEMENT WAS INADEQUATE, INHUMANE AND SHOWS AN SUFFICIENT 8TH AMENDMENT VIOLATION. PLAINTIFF'S BASIC HUMAN NEEDS AND PHYSICAL WELL-BEING WHILE HOUSED IN MENARD C.C. "RESTRICTIVE HOUSING UNIT" (SEGREGATION) ARE CLEARLY AT QUESTION. PLAINTIFF IS AWARE THAT CERTAIN CONDITIONS MIGHT NOT BE "SUFFICIENT" REVIEWED INDIVIDUALLY, BUT COLLECTIVELY THEY ADD UP TO CREATE AN OVERALL EFFECT THAT IS UNCONSTITUTIONAL.

3. ACCORDING TO DEPARTMENT RULES SECTION 504. 620 (TITLED RESTRICTIVE HOUSING STANDARDS PAGE 33) SEE EXHIBIT 6, WHICH STATES "STANDARDS FOR LIVING CONDITIONS IN RESTRICTIVE HOUSING AREAS SHALL INCLUDE THE FOLLOWING PROVISIONS" EACH PROVISION LISTED IS AN ENTITLEMENT THAT PLAINTIFF IS NOT RECIEVING WHILE HOUSED

2.

IN RESTRICTIVE HOUSING AT MENARD C.C;

4. ALSO PLAINTIFF HAS GRIEVANCED AND EXHAUSTED EVERY COMPLAINT STATED WITHIN THIS ACTION;

· CLEANING MATERIALS SHALL BE MADE AVAILABLE ON A REGULAR BASIS. (WHICH IT WAS NOT)

· PERSONAL HEALTH AND HYGIENE NEEDS OF THE COMMITTED PERSON SHALL BE PERMITTED, A SHOWER AND SHAVE NO LESS THAN THREE (3) PER WEEK. A WEEKLY EXCHANGE OF CLEAN INSTITUTIONAL CLOTHS. (WHICH WAS NOT RECIEVED)

· COMMITTED PERSONS SHALL BE AFFORDED THE OPPORTUNITY FOR EXERCISE OUTSIDE THEIR CELLS IN ACCORDANCE WITH SECTION 504.670, WHICH STATES " INDIVIDUALS IN CUSTODY IN RESTRICTIVE HOUSING STATUS SHALL BE AFFORDED THE OPPORTUNITY TO EXERCISE OUTSIDE THEIR CELLS A MINIMUM OF EIGHT (8) HOURS PER WEEK. (WHICH WAS NOT GIVEN AT ALL)

✳ NOTES : THE "SHALL" MEANS " TO BE UNDER NECESSITY OR OBLIGATION TO" — QUOTING MERRIAM WEBSTER THESAURUS.

2

- A MENTAL HEALTH PROFESSIONAL SHALL CONDUCT MENTAL HEALTH ROUNDS IN THE SEGREGATION UNIT, AT MINIMUM, ONCE EVERY SEVEN CALENDAR DAYS. (WHICH WAS NOT GIVEN)

5. PLAINTIFF ASK THIS HONORABLE COURT TO TURN THEIR ATTENTION TO EXHIBITS 1-3 (WHICH ARE GRIEVANCES BY PLAINTIFF IN REGARDS TO HIS "LIVING CONDITIONS"). PLAINTIFF ALSO CALLS ATTENTION TO EXHIBITS 5 (WHICH ARE AFFIDAVITS FROM INDIVIDUALS IN CUSTODY ALSO HOUSED IN "RESTRICTIVE HOUSING").

6. THESE ISSUES WERE ADDRESSED AS EMERGENCIES ON THE GRIEVANCE FORMS, TO THE CHIEF ADMINISTRATIVE OFFICER/WARDEN (OR ACTING C.A.O/WARDEN) ANTHONY WILLS OR WHOEVER WARDEN WILLS APPOINTED TO OVERSEE HIS DUTIES IN HIS ABSENCE REVIEWED THE EMERGENCY GRIEVANCES, DEEMED THEM (THE GRIEVANCES) NON-EMERGENCIES AND SIGNED OFF ON THE DECISION. (SEE EXHIBITS 1-3 WHICH INCLUDE GRIEVANCE RECIEPTS OF THE C.A.O (OR ACTING C.A.O) DEEMING PLAINTIFF'S GRIEVANCES NON-EMERGENCIES, WHEN CLEARLY

4

CONSTITUTIONAL VIOLATION AND INFRINGING UPON ONE'S RIGHTS OR WHAT ONE IS ENTITLED IS OBVIOUSLY AND CLEARLY A EMERGENCY.

7.  PLAINTIFF EXHAUSTED HIS GRIEVANCES TO THE HIGHEST LEVEL OF EXHAUSTATION. YET NO RESULTS, NO CHANGE CAME ABOUT TO THE CLEAR INHUMANE CONDITIONS PLAINTIFF WAS (AND STILL IS) CONFINED TO. DUE TO A MULTIPLICITY OF TERRIBLE CONDITIONS THE PLAINTIFF REQUEST THE COURT TO VIEW PLAINTIFF'S CONDITIONS UNDER THE "TOTALITY OF CONDITIONS OF CONFINEMENT".

8.  HERE IS A DETAILED ACCOUNT OF THE INHUMANE CONDITIONS AND CRUEL AND UNUSUAL PUNISHMENT PLAINTIFF ENDURED;

• PLAINTIFF WENT APPROXIMATELY 10 MONTHS WITH OUT RECIEVING THREE (3) SHOWERS A WEEK AS HE IS ENTITLED. PLAINTIFF, THROUGHOUT HIS CONFINEMENT IN "RESTRICTIVE HOUSING" WENT MULTIPLE WEEKS WITHOUT ONE SHOWER. PLAINT-IFF STATES HE NEVER RECIEVED THE THREE (3)

Shower a week resumes his stay in "RESTRICTIVE HOUSING". (SEE EXHIBIT 5)

• PLAINTIFF WENT APPROXIMATELY 10 MONTHS (OVER 300 DAYS) WITHOUT BEING ALLOWED TO EXEERCIZE INDOOR/OUTSIDE of his cell. Nor WAS PLAINTIFF ALLOWED OUTSIDE recreation, meaning PLAINTIFF WAS GIVEN ABSOLUTELY NO recreation/exercise time his WHOLE SEGREGATION sentence. (SEE EXHIBIT 5  AFFIDAVITS REGARDING LIVING CONDITIONS)

• PLAINTIFF WAS DEPRIVED MENTAL HEALTH ASSISTANCE WHEN HIS MENTAL HEALTH ILLNESSES WERE TRIGGERED AFTER WITNESSING INMATE IN CUSTODY "ROLANDO GARCIA ORTIZ" LIFELESS AND CARTED/CARRIED OFF THE GALLERY (4 GALLERY WITHIN NORTH TWO "RESTRICTIVE HOUSING" UNIT, ALSO WHERE PLAINTIFF WAS HOUSED) ON A FOOD CART. AND BEING AMONGST A RIOT THAT TOOK PLACE BECAUSE of THE DECEASED (ROLANDO G. ORTIZ) AND THE WAY THE MENARD C.C. STAFF AND ADMINISTRATION HANDLED HIM AND THE CIRCUMSTANCES AROUND HIS DEATH.

• PLAINTIFF ENDURED MULTIPLE UNSAFE, UNSANITARY, AND UNLAWFUL ACTS DURING THE RIOT AROUND/OVER ROLANDO DENTH. FECES AND URINE WERE THROWN (INMATE ON INMATE AND INMATE ON STAFF), MACE WAS DEPLOYED RECKLESSLY. MY GALLERY (I HAD BEEN MOVED TO THREE GALLERY AFTER ROLANDO'S DEATH) WAS FLOODED WITH TOILET WATER THAT ALSO HAD WASTE, ROTTEN FOOD, FECES AND URINE WITHIN IT. ALL OF THESE CIRCUMST-ANCES DIRECTLY AFFECTING PLAINTIFF BY THE THROWN TOXIC WASTE, THE MACE AND THE FLOODS BREACHING PLAINTIFF'S CELL FORCING PLAINTIFF TO CLEAN A HAZARDOUS SITUATION WITHOUT PROPER HEALTH AND SAFETY PROTECTION. PLAINTIFF STANDS ON FRENCH V. WILLS AL, ET CASE NO. 3:23-CV-02948-DWD AS INMATE FRENCH WAS HOUSED DIRECTLY NEXT TO PLAINTIFF DURING THIS INHUMANE PERIOD OF OF PLAINTIFF'S LIFE. (SEE EXHIBIT 5)

7. PLAINTIFF HAS APPENDED NUMEROUS GRIEVANCE AND OTHER DOCUMENTS TO THIS COMPLAINT. EACH ISSUE BROUGHT HERE BY PLAINTIFF WAS EXHAUSTED THOROUGHLY AND COMPLETELY. PLAINTIFF EVEN DEEMED THE GRIEVANCES EMERGENCIES, AND DEFENDANT'S ANTHONY WILLS (C.A.O/WARDEN) AND/OR KEVIN REICHERT (ACTING C.A.O/WARDEN) DEEMED

THE GRIEVANCES A NON SUSPICION "C.A.O" SIGNED OFF ON THAT DECISION (MEANING "C.A.O" READ THE SUBSTANCE OF THE GRIEVANCE) THEN LATER SIGNING OFF AGAIN TO THE DENIAL OF PLAINTIFF'S GRIEVANCES

10. AS THE SEVENTH CIRCUIT NOTED IN GRAY V. HARDY "AN INMATE'S GRIEVANCE SIGNED BY A WARDEN MAY BE SUFFICIENT EVIDENCE TO MAINTAIN A PLAUSIBLE DELIBERATE INDIFFEREN-CE CLAIM AGAINST A WARDEN CONCERNING THE CONDITIONS OF CONFINEMENT." FURTHERMORE, THE SEVENTH CIRCUIT HAS NOTED THAT "THE LACK OF EXERCISE CAN RISE TO A CONSTITUTIONAL VIOLATION WHERE MOVEMENT IS DENIED AND MUSCLES ARE ALLOWED TO ATROPHY AND THE HEALTH OF THE INDIVIDUAL IS THREATENED."

11. THIS IS WHY BOTH DEFENDANTS "ANTHONY WILLS" AND "KEVIN REICHERT" ARE COMPLETELY AT FAULT FOR THEIR INCOMPETENCE AND NEGLIGENCE. BOTH CHIEF ADMINISTRATIVE OFFICER AND HIS ASSISTANT/ ACTING CHIEF ADMINISTRATIVE OFFICER, OVER LOOKED PLAINTIFF'S GRIEVANCES WITHOUT INVESTIGATING

R

OR LOOKING INTO PLAINTIFF'S COMPLAINTS PROPERLY CLEARLY THE CORROBORATING TESTIMONIAL OF THE CONDITIONS (SEE EXHIBIT 5), THE CAMERA FOOTAGE OF THE "RESTRICTIVE HOUSING UNIT" AND THE PLAINTIFF'S ORIGINAL GRIEVANCE ALL SUPPORTING AND SUBSTANTIATING EACH OTHER WOULD HAVE FORCED ANY REASONABLE OFFICER TO INSERT THEMSELVES (THEIR AUTHORITY) AND CORRECT THE CLEAR INJUSTICE.

12. YET, DEFENDANTS WILLS AND REICHERT FAILED TO STOP/PREVENT PLAINTIFF FROM ENDURING CRUEL AND UNUSUAL PUNISHMENT. WHICH IS WHY PLAINTIFF IS FILING THIS ACTION AGAINST BOTH LISTED DEFENDANTS IN THEIR INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY.

13. PLAINTIFF REQUEST THE COURT TO REVIEW EXHIBIT 7, WHICH IS A SURVEY REGARDING THE LIVING CONDITIONS OF RESTRICTIVE HOUSING BY THE MACARTHUR JUSTICE CENTER, WHO STATED THEY "MACARTHUR JUSTICE CENTER" ARE INVESTIGA.

A FINE FACILITY IS HOUSED IN OUTSIDE OF THE MENARD CORRECTIONAL CENTER. THIS SURVEY WAS SPECIFICALLY SENT TO MARCELLUS FRENCH, THE JAILHOUSE LAWYER HELPING PLAINTIFF FILE THIS ACTION. THIS SHOWS THAT PARTIES OUTSIDE OF THE COURTS AND THE PRISONS ARE AWARE OF THE CLEAR INJUSTICE AND INHUMANE CONDITIONS OF MY CONFINEMENT.

14. PLAINTIFF NOW CALLS THE COURT TO EXHIBIT 9 WHICH SHOWS PLAINTIFF LACK OF EDUCATION AND PLAINTIFF'S MENTALLY ILL ACTIONS AND CHARACTER ISTICS. WHICH IS WHY PLAINTIFF NEEDED A JAILHOUSE LAWYER TO HELP ASSIST HIM WITH THIS COMPLAINT. CLEARLY THE TOTALITY OF HIS CONDITIONS OF CONFINEMENT ARE COMPLETELY INHUMANE AND VIOLATE THE HEALTH AND SAFETY CODE AND PLAINTIFF'S 6TH AMENDMENT RIGHT WHICH IS WHY PLAINTIFF RESPECTFULLY REQUEST THE RELIEF STATED.

15. UNDER THE PENALTY OF PERJURY I SWEAR EVERY THING WITHIN THE COMPLAINT ABOVE IS TRUE AND FACTUAL.

/s/

DATE:

10.

- EXHIBIT 1 - GRIEVANCE # K4-1023-0654 ADDRESSING PINKING "DENY INMATES YARD" - SOME FORM OF RESTRICTION, RECIEPT, OTHER DOCUMENTS.

- EXHIBIT 2 - GRIEVANCE # K4-0124-0206 ADDRESSING PROPER HYGIENE (SHOWERS) ALLOWANCE AND MEDICAL ASSISTANCE/TREATMENT

- EXHIBIT 3 - GRIEVANCE # 2119-7-23 ADDRESSING MENTAL HEALTH TREATMENT/ASSISTANCE. NOT RECIEVING MEDICATION.

- EXHIBIT 4 - REQUEST TO COUNSELOR REGARDING THE PREVIOUS FILED GRIEVANCES AND THE INADEQUATE PROCESSING OF THE GRIEVANCES.

- EXHIBIT 5 - AFFIDAVITS FROM OTHER INDIVIDUALS HOUSED IN "RESTRICTIVE HOUSING" ATTESTING TO THE INHUMANE LIVING CONDITIONS (NO SHOWERS, YARD, GROUP, MEDICAL)

- EXHIBIT 6 - DEPARTMENT RULES (D.R.) SECTION 504 MENARD C.C. ORIENTATION MANUEL.

- EXHIBIT 7 - MENARD C.C. RESTRICTIVE HOUSING SURVEY

- EXHIBIT 8 - GRIEVANCE # K4-0124-0170 ADDRESSING THE PRESERVANCE OF CAMERA FOOTAGE OF 1 AND 3 GALLERIES FOOTAGE FROM ALL ANGLES.

- EXHIBIT 9 - GRIEVANCE # K4-1223-1831 ADDRESSING MENTAL HEALTH

EXHIBIT 1

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: *Alvarez*  *Lorenzo*  MI ___  ID# *M16839*
Last Name      First Name

Facility: *Menard*

☐ Grievance: Facility Grievance # (if applicable) _____  Dated: *10/10/23*  or ☐ Correspondence: Dated: _____

Received: *11/30/23* Regarding: *Pink Tag after release from restrictal Housing*
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☒ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: <u>RYAN A. KILDUFF</u>  Signature  Date *12/8/23*
Print Name

Distribution: Offender
Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev. 3/2018)

Inmate Id: M16839

Name: ALVAREZ, LORENZO

Chair Code: RYKI

Grv Type: L

Grv Code: CLASSIFICATIONS

Receive Date: 03/08/2024

Hearing Date: 00/00/0000

Mailing Date: 00/00/0000

Grv Loc: MENARD CC

Hearing Loc: MENARD CC

Ret Form Ind:

Modify Ind:

Deny Ind:

Favorable Ind:

Deferred Ind:

Moot Ind:

Grievance Number: K41023654

Incident Number:

Incident Date: 00/00/0000

Incident Inst:

Date Receipted: 03/21/2024

Comments: GRV# K4-1023-0654, GRV DTD 10/10/23. GRVS BEIING ON "PINK TAG" STATUS

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:   LORENZO ALVAREZ                                                          5/31/24
                                                                                  Date
ID# :   M16839

Facility:   MENARD

This is in response to your grievance received on 3/8/24 _____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 10/10/23    Grievance Number: K4-1023-0654    Griev Loc: MENARD

☐   Medical _____

☐   Dietary _____

☐   Personal Property _____

☐   Mailroom/Publications _____

☑   Staff Conduct _____ STAFF CONDUCT FOR PLACING ALVAREZ ON PINK TAG STATUS.

☐   Commissary / Trust Fund _____

☐   Conditions (cell conditions, cleaning supplies, etc.) _____

☐   Disciplinary Report: Dated: _____ Incident # _____

☑   Other   BEING PINK TAG STATUS.

**Based on a review of all available information, this office has determined your grievance to be:**

☐   Affirmed

☐   Denied, in accordance with DR504F, this is an administrative decision.

☑   Denied, this office finds the issue was appropriately addressed by the facility Administration.

☑   Other: STAFF MISCONDUCT UNABLE TO BE SUBSTANTIATED.

☐   Denied as the facility is following the procedures outlined in DR525.

☐   Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐   Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _____    CONCURRED: _____
                   Ryan Kilduff                                Latoya Hughes
                   Administrative Review Board                 Acting Director

CC:   Warden,  MENARD _____ Correctional Center
          LORENZO ALVAREZ _____ ID# M16839

Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO INDIVIDUAL IN CUSTODY'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 01/18/2024 | **Date of Review:** 05/21/2024 | **Grievance #:** K4-0124-0306 |
| **Individual in Custody Name:** Alvarez, Lorenzo | | **ID#:** M16839 |

**Nature of Grievance:**

Medical Treatment/Staff Conduct - Shower Use

**Facts Reviewed:**

Individual in custody submitted a grievance dated: 01/14/2024 Individual in custody is grieving that while being housed in North 2 Restrictive Housing he was denied showers for more than 168 hours. Due to being denied showers he has developed a rash.

Relief Requested: I would like a proper shower and proper medical treatment.

Counselor responded on: 01/17/2024 Any shower that is being canceled is an Administrative decision due to staff shortage and the safety and security of the institution.

Grievance Office reviewed on: 05/21/2024 The North 2, 8-gallery shower schedule is as follows: 3p-11p on Monday's, Thursday's and Saturday's. These schedules are adhered to unless extenuating circumstances arise, such as, but not limited to Lock Down's, Staff Shortages, and/or the Safety and Security of the institution could be compromised. Decisions to cancel these types of movements are an administrative decision based on the safety and security of the Institution, it's staff and Individuals in Custody.

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be DENIED.

| Jennifer Alvis Counselor I Menard Correctional Center | Jennifer Alvis | Digitally signed by Jennifer Alvis Date: 2024.05.21 15:57:51 -05'00' |
|---|---|---|
| Print Grievance Officer's Name | | Grievance Officer's Signature |

(Attach a copy of Individual in Custody's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| **Date Received:** 05/21/2024 | ☑ I concur    ☐ I do not concur    ☐ Remand | |

**Action Taken:**

| Kevin Reichert | Digitally signed by Kevin Reichert Date: 2024.05.29 13:30:53 -05'00' | |
|---|---|---|
| | Chief Administrative Officer's Signature | Date |

| Individual in Custody's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

| Individual in Custody's Signature | ID# | Date |
|---|---|---|

ASE-M   JAN 16 2024

Assigned Grievance #/institution: _____

Housing Unit: N-806   Bed #: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**   M16839

1st Lvl rec:   Alvarez   2nd Lvl rec: _____

| Date: Jan-14-24 | Offender (please print): Lorenzo Alvarez | ID #: IM 16879 | Race (optional): H |
|---|---|---|---|

| Present Facility: menard C.C. | Facility where grievance issue occurred: menard C.C. |
|---|---|

K4-0124-0306

**Nature of grievance:**

- [ ] Personal Property
- [ ] Mail Handling
- [X] Medical Treatment
- [ ] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] HIPAA
- [ ] Restoration of Sentence Credit
- [ ] Transfer Denial by Facility
- [X] Other (specify): mental health
- [ ] Disciplinary Report

MEN JAN 16 20

Date of report _____   Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I have been denied showers for over 168 hours
Today is 1/14/24 and the last time I was provided
appatunity to shower was 1/8/24 this is an ongoing
issues that is constantly occurring during the first week
of January January 1-624 I was denied showers for
over 96 hours. I have been request to speak with
building supervisors regarding these issues

[X] Continued on reverse

**Relief Requested:** I would like a proper shower and proper medical
Treatments

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [X] Check if this is NOT an emergency grievance.

Offender's Signature   Lorenzo Alvarez   ID# M16879   Date Jan-14-24

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: 1-17-24   [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: Any shower that is being cancelled is an administrative decision due
to staff shortage and the safety and security of the institution.

1-17-24
Date

J. Gutddla
Print Counselor's Name   Sign Counselor's Name

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

22 shower
use

_____
Chief Administrative Officer's Signature   Date

Page 1 of 2

DOC 0046 (Rev. 01/2020)

Distribution: Master File; Offender

Assigned Grievance Officer

Housing Unit: _____    Bed #: _____

1st Lvl rec: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

2nd Lvl rec: _____

and no one has never came to my cell nor have I been given any reasonable explanation other then no showers when Ive inquired to gallery staff due to being deprived showers over and over a rash has spread around my poo side or my legs cuesing me to itch and scratch and bleed I am in physical pain and under emetronal distress from not been able to properly buth with showers or wash up in the cell because of cold temperatures not receiving immedrate medical treatment and mental health

EXHIBIT 3

EXHIBIT 4

STATE OF ILLINOIS     )
                            ) SS
COUNTY OF RANDOLPH  )

## AFFIDAVIT

I, MARCELLUS A FRANCIS Sr. being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: _Today is July 18th 2023_

I am currently housed in Menard C.C. Unit North Two, Cell # 334. In accordance with Grievance # 287-5-23, as of the above date I have been in segregation 80 days and I have only received recreation/yard twice, well today would've made twice as soon as we was escorted to yard not even 30 minutes of being outside we were escorted back in our cells without explanation as to with/ yard was being canceled yet once again. The grievance I've filed Above # 287-5-23 was filed over 60 days ago and no changes in my circumstances have been made. The cameras within this cellhouse (North Two) and the galleries will affirm everything I've stated above. Though that means nothing. Menard C.C. staff and administration continue to treat me as if I have no rights no due process and if the grievance process is all the help I have for change, then I have no help at all.

Subscribed and sworn to before me on the 25th day of July 2023.

_Shelley A. Shevlin_
NOTARY PUBLIC

Respectfully submitted,

_Marcellus A Francis Sr._

OFFICIAL SEAL
SHELLEY A SHEVLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/29/24

STATE OF ILLINOIS )
) SS
COUNTY OF Randolph )

## AFFIDAVIT

I. Ricardo L. Figueroa ___ being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness. I am competent to testify thereto: _Today is August 01ˢᵗ, 2023_

I am currently housed in Menard CC N² Segregation # 1-34. IN accordance with Grievance # 289-7-23 that was submitted on July 11ᵗʰ 2023. As of the above date I have been in segregation for 58 days. I have not been allowed to leave my cell to go to yard because of "the "Pink Tag" policy by the Menard CC staff. The Schedule for Menard offenders in segregation housed on 1 Gallery is every week on Tuesdays and Thursday, 2 hours each day which still falls short according to case precedent since I am housed around (SMI) Severely Mentally Ill offenders, share yard with them, share all segregation movement with them. I should be held and entitled to what Rasho v Jeffrey, 22-4ᵗʰ 703 (7ᵗʰ Circuit 2022) stipulates what people with Mental Health illnesses should have coming. So since Menard holds (SMI) individuals to the same standards, they should hold me to the same standard because they house us together.

Subscribed and sworn to before me on the 10ᵗʰ day of August 2023

_Shelley A Shevlin_
NOTARY PUBLIC

Respectfully submitted.

_Ricardo L. Figueroa_

OFFICIAL SEAL
SHELLEY A SHEVLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/29/24

IN THE COUNTY )
) SS
OF RANDOLPH )

## AFFIDAVIT

I, MARCELLUS FRENCH BEING FIRST DULY SWORN UPON MY OATH DEPOSE AND STATE THAT THE FOLLOWING MATTERS ARE BOTH TRUE AND CORRECT MADE UPON PERSONAL KNOWLEDGE AND BELIEF, AND IF CALLED AS A WITNESS, I AM COMPETENT TO TESTIFY THERETO;

TODAY IS AUGUST 4TH, 2023, I AM CURRENTLY HOUSED, MENARD C.C. NORTH TWO RESTRICTIVE HOUSING UNIT CELL # 334. I HAVE BEEN IN THIS SEGREGATION UNIT FOR 97 DAYS, IN ACCORDANCE WITH GRIEVANCE # 207-5-23 AS FAR AS RECREATION, THIS WEEK (TUESDAY AND THURSDAY) YARD WAS CANCELLED FOR NO REASON. I HAVE ONLY BEEN TO YARD TWO FULL TIMES (CONSISTING OF 2½ HOURS) AND ONCE FOR 30 MINUTES (YARD WAS CUT SHORT DUE TO AN UNRELATED INCIDENT REGARDING RESTRICTIVE HOUSING RECREATION) SO FOR,

1 OF 2

HOUSING AT MENARD C.C., I'VE RECIEVED 2 YARDS AND A SPLIT, ADDING UP TO APPROXIMATELY 5 HOURS AND 30 MINUTES OF RECREATIONAL TIME. AGAIN THIS WEEK ON 08.01.23 AND 08.03.23 YARD WAS CANCELLED FOR NO REASON APPARENT TO DECLARANT.

PURSUANT TO 28 U.S.C. 1746, I DECLARE, UNDER PENALTY OF PERJURY THAT THIS AFOREMENTIONED AFFIDAVIT IN (MARCELLUS FRENCH) PROVIDING IS DONE IN GOOD FAITH AS I KNOW AND BELIEVE THE CONTENTS HEREIN ARE TRUE IN SUBSTANCE AND FACTS.

DATE: 08.04.2023

Marcellus A French
MARCELLUS A. FRENCH
#M21081
P.O. BOX 1000
MENARD IL 62259

2 of 2

AFFIDAVIT / DECLARATION

TODAY IS 06-14-2024, I AM CURRENTLY HOUSED IN MENARD C.C. UNIT NORTH TWO CELL #133. IN ACCORDANCE WITH GRIEVANCE # K4-0724-3095 AND GRIEVANCE # K4-0824-3599, AS OF THE ABOVE DATE I HAVE BEEN IN SEGREGATION 44 DAYS (6 WEEKS) AND I HAVE YET TO RECIEVE ANY INDOOR OR OUTDOOR RECREATION TO EXERCISE AND PROPERLY STRETCH MY BODIES AND LIGA- MENTS. I HAVE REQUESTED MEDICAL TREATMENT FOR MY BACK AND SPINE PAIN, I'VE BEEN COMPLETELY DENIED ACCESS TO MEDICAL FOR THIS REQUEST (IT HAS BEEN OVER A YEAR SINCE MY 1ST REQUEST / COMPLAINT). FURTHERMORE, AFFIANT JUST ENDURED A TOE INJURY, AND THE HEALING PROCESS IS NOT NORMAL. THERE IS SWELLING AND DISCOLORATION AND DISCH- ARGE COMMING FROM MY TOE, I'VE BEEN REQUESTING A FOLLOW UP, YET FOR UNKNOWN REASONS THE REQUEST IS BEING DELAYED

1 of 2

I HAVE ONLY RECIEVED FOUR (4) SHOWERS THE 44 DAYS I'VE BEEN HOUSED IN RESTRICTIVE HOUSING SEGREGATION. I BEEN DIRECTLY EXPOSED TO FLOODS, FECES, URINE AND WASTE NUMEROUS TIMES. IN ONE INSTANCE AFFIANT HAD URINE THROWN INTENTIONALLY AT HIM INTO HIS CELL AND WAS SUBJECT TO BREATHING A WILD FIRE FOR AT LEAST 30 MINUTES. EVERYTHING STATED ABOVE IS A DIRECT VIOLATION OF ILLINOIS DEPARTMENT OF CORRECTIONS POLICY 730 ILCS 5/3.2-2 20 IAC 504, 505 AND 555.

UNDER PENALTY OF PERJURY (PURSUANT TO 28 U.S.C. 1746) I DECLARE THAT THIS AFORE MENTIONED AFFIDAVIT I, MARCELLUS FRENCH SR. PROVIDE THE ABOVE STATEMENT IN GOOD FAITH AND I KNOW AND BELIEVE THE CONTENTS HEREIN ARE TRUE IN SUBSTANCE AND FACT.

DATE: 08.14.2024

MARCELLUS A. FRENCH SR.
#M21081
P.O. BOX 1000
MENARD IL 62259

2 of 2

In the County
of Randolph } SS

## Affidavit

I, Martin Lyons being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and is called as a witness, I am competent to testify thereto:

I have been in Menard since 10/22/22 and I have been placed in Seg about 2 times. Everytime I've been placed in Seg, the living conditions are very deplorable, unsanitary and unconstitutional. None of the prison officials follow any of the Administrative Codes of 504 or the 20 Ill. Administrative Directives they are supposed to be following. They also violate all prisoners Due Process Rights when it comes to Disciplinary Hearings, grievances, and having sufficient court access of fulfilling legal deadlines. When you come to Seg they don't provide you with Cleaning supplies for your cell, all showers every week placing prisoners on "Pink Tag" taking away showers for 7 calendar days, yard for 30 plus days. There have been many times where they cancel yard just because they don't want to work. Prisoners are left in these filthy cells with no out of cell time as stated in the Administrative Directives 05.15.100. There are no chaplains in Seg to practice Religions, no electronic mail privileges for extended restrictive housing privileges, no access to programs and services, education, social, Counseling services, Religious guidance or recreation programs. The Lieutenants do not make rounds but lie when they sign the books acting like they do their jobs. According to the Restricted Housing Administrative Directives there are supposed to be medical assessments daily and a physician weekly but there are none nor is it any real kind of doctors in Menard. Majority, if not all cells have problems with the sinks or toilets along with not having brand new clean sheets and other necessities for daily living.

Pursuant to 28 USC 1746 I declare under penalty of perjury that this Affidavit is not taken either maliciously or frivilously and only in good faith, and I believe the contents herein are true in substance and facts.

Date: 7/31/23

s/ Martin Lyons
Martin Lyons
M19540
Menard C.C. PO Box 1000
Menard, IL 62259

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF _RANDOLPH_       )

## AFFIDAVIT

I, _RICARDO L. FIGUEROA_ being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: _Today is August 3rd, 2023._

_I have now been in segregation for 60 days with no yard due to Menard's self-imposed "Pink Tag" policy, which is in direct contradiction to the AD 504. Per the AD 504, 05-15-100 Section II, Subsection J, (3)(a)(1) states that Individuals in Custody should be afforded a minimum of 10 hours of unstructured out of cell time (i.e., yard, barber, shower, etc.) per week, which SHALL include no fewer than one hour of exercise outside of the cell 5 days per week. I filed a grievance concerning this matter on July 11th, 2023, Grievance # 289-7-23, and have yet to hear a response. My lack of yard is also affecting my ability to rehabilitate my left arm, on which I suffered a compound fracture on Oct. 17th, 2022. I have also filed a grievance on medical negligence, Grievance # 36-7-23, in which I stated the lack of pain medication that I have been recieving desptie it being prescribed to me. Due to the smallness of my cell my ability to exercise my arm is hampered severely._

Subscribed and sworn to
before me on this 10th day
of August 2023.

_Shelley A Shevlin_
NOTARY PUBLIC

Respectfully submitted,

_Ricardo Figueroa_

OFFICIAL SEAL
SHELLEY A SHEVLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/29/24

EXHIBIT 6

# 20 ILLINOIS

# ADMINSTRATIVE

# CODE

# PART 504

## DISCIPLINE AND

## GRIEVANCES



# Joint Committee on Administrative Rules
# ADMINISTRATIVE CODE

### TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT
### CHAPTER I: DEPARTMENT OF CORRECTIONS
### SUBCHAPTER e: OPERATIONS
### PART 504 DISCIPLINE AND GRIEVANCES

The General Assembly's Illinois Administrative Code database includes only those rulemakings that have been permanently adopted. This menu will point out the Sections on which an emergency rule (valid for a maximum of 150 days, usually until replaced by a permanent rulemaking) exists. The emergency rulemaking is linked through the notation that follows the Section heading in the menu.

## SUBPART A: ADMINISTRATION OF DISCIPLINE

- Section 504.10 Applicability
- Section 504.12 Definitions
- Section 504.15 Responsibilities
- Section 504.20 Offenses and Maximum Penalties
- Section 504.30 Preparation of Disciplinary Reports
- Section 504.40 Investigative Status and Temporary Confinement
- Section 504.50 Review of Disciplinary Reports
- Section 504.60 Investigation of Major Disciplinary Reports
- Section 504.70 Adjustment Committee and Program Unit Composition
- Section 504.80 Adjustment Committee Hearing Procedures
- Section 504.90 New or Additional Proceedings
- Section 504.100 Program Unit Hearing Procedures
- Section 504.110 Computation of Discipline for Multiple Offenses
- Section 504.115 Indeterminate and Long Term Segregation Placement
- Section 504.120 Reduction in Segregation Placement
- Section 504.130 Demotion and Restoration in Grade
- Section 504.140 Restitution Procedures
- Section 504.150 Restoration of Time and Credit

## SUBPART B: ADMINISTRATION OF DISCIPLINE - JUVENILE

- Section 504.200 Applicability (Repealed)
- Section 504.202 Definitions (Repealed)
- Section 504.205 Responsibilities (Repealed)
- Section 504.210 Offenses and Maximum Penalties (Repealed)
- Section 504.220 Preparation of Disciplinary Reports (Repealed)
- Section 504.230 Temporary Confinement (Repealed)
- Section 504.240 Review of Disciplinary Reports (Repealed)
- Section 504.250 Adjustment Committee and Program Unit Composition (Repealed)
- Section 504.260 Adjustment Committee Hearing Procedures (Repealed)
- Section 504.270 New or Additional Proceedings (Repealed)
- Section 504.275 Program Unit Hearing Procedures (Repealed)
- Section 504.280 Computation of Discipline for Multiple Offenses (Repealed)



- Section 504.290 Restitution Procedures (Repealed)
- Section 504.300 Restoration of Good Time (Repealed)

## SUBPART C: ADMINISTRATION OF DISCIPLINE – COMMUNITY SERVICES

- Section 504.400 Applicability (Repealed)
- Section 504.402 Definitions (Repealed)
- Section 504.405 Responsibilities (Repealed)
- Section 504.410 Offenses and Maximum Penalties (Repealed)
- Section 504.420 Preparation of Disciplinary Reports (Repealed)
- Section 504.430 Temporary Confinement (Repealed)
- Section 504.440 Review of Disciplinary Reports (Repealed)
- Section 504.450 Adjustment Committee and Program Unit Composition (Repealed)
- Section 504.460 Adjustment Committee Hearing Procedures (Repealed)
- Section 504.470 New or Additional Proceedings (Repealed)
- Section 504.480 Program Unit Hearing Procedures (Repealed)
- Section 504.490 Computation of Penalty for Multiple Offenses (Repealed)
- Section 504.500 Restitution Procedures (Repealed)
- Section 504.510 Restoration of Good Time (Repealed)

## SUBPART D: SEGREGATION AND CONFINEMENT

- Section 504.600 Applicability
- Section 504.602 Definitions
- Section 504.605 Responsibilities
- Section 504.610 Placement in Segregation Status
- Section 504.620 Segregation Standards
- Section 504.630 Investigative Confinement
- Section 504.640 Confinement Pending Transfer (Repealed)
- Section 504.650 Confinement in Control Segregation (Repealed)
- Section 504.660 Administrative Detention (Renumbered)
- Section 504.670 Recreation for Persons in Segregation Status
- Section 504.680 Release from Disciplinary Segregation
- Section 504.690 Administrative Detention

## SUBPART E: CONFINEMENT PROCEDURES – JUVENILE

- Section 504.700 Applicability (Repealed)
- Section 504.710 Definitions (Repealed)
- Section 504.715 Responsibilities (Repealed)
- Section 504.720 Placement in Confinement (Repealed)
- Section 504.730 Confinement Procedures (Repealed)

## SUBPART F: GRIEVANCE PROCEDURES FOR OFFENDERS

- Section 504.800 Applicability
- Section 504.802 Definitions
- Section 504.805 Responsibilities
- Section 504.810 Filing of Grievances
- Section 504.820 Grievance Officer
- Section 504.830 Grievance Procedures
- Section 504.840 Emergency Procedures
- Section 504.850 Appeals
- Section 504.860 Records
- Section 504.870 Direct Review by Administrative Review Board

## SUBPART G: GRIEVANCE PROCEDURES FOR RELEASEES

- Section 504.900 Applicability
- Section 504.905 Definitions
- Section 504.910 Responsibilities
- Section 504.920 Filing of Grievances
- Section 504.930 Review of Grievances
- Section 504.940 Appeals


- Section 504.APPENDIX A Offense Numbers and Definitions
- Section 504.TABLE A Maximum Penalties
- Section 504.TABLE B Maximum Penalties for Juvenile Offenders (Repealed)
- Section 504.TABLE C Offenses and Maximum Penalties - Community Services Division (Repealed)

AUTHORITY: Implementing the Americans With Disabilities Act of 1990 (42 USC 12101 et seq.) and implementing and authorized by Sections 3-2-2, 3-5-2, 3-6-3, 3-8-7, 3-8-8, 3-10-8, and 3-10-9 of the Unified Code of Corrections [730 ILCS 5/3-2-2, 3-5-2, 3-6-3, 3-8-7, 3-8-8, 3-10-8, and 3-10-9]. Sections 504.70 and 504.450 are implementing a Consent Decree (U.S. Department of Justice vs. the State of Illinois, #S-CIV-76-0158, S.D. Ill., 1978). Sections 504.80 and 504.460 are also implementing a Consent Order (Arsberry vs. Sielaff, #74 C 1918 and Longstreet vs. Sielaff, #74 C 1951, N.D. Ill., 1982).

SOURCE: Adopted at 8 Ill. Reg. 14427, effective August 1, 1984; amended at 12 Ill. Reg. 8351, effective June 1, 1988; amended at 16 Ill. Reg. 10430, effective July 1, 1992; amended at 22 Ill. Reg. 1206, effective January 1, 1998; amended at 25 Ill. Reg. 10775, effective September 1, 2001; amended at 27 Ill. Reg. 6214, effective May 1, 2003; amended at 41 Ill. Reg. 3869, effective April 1, 2017.

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.10
                                                                      SUBCHAPTER e

## SUBPART A: ADMINISTRATION OF DISCIPLINE

## Section 504.10  Applicability

This Subpart applies to offenders within the Department of Corrections.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.12  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department.

"Employee", for the purpose of this Part, means any Department employee, contracted employee, employee of a vendor, or a volunteer.

"Investigative Status" means a confinement status in which an offender's movement may be restricted while an incident or matter is being investigated.

"Offender" means a person committed to the Department or to the custody of the Department.

"Seriously Mentally Ill", for the purpose of this Part, means an offender is seriously mentally ill if he or she, as a result of a mental disorder as defined in the current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) of the American Psychiatric Association, exhibits impaired emotional, cognitive or behavioral functioning that interferes seriously with his or her ability to function adequately except with supportive treatment or services. These individuals also must either currently have, or have had within the past year, a diagnosed mental disorder, or must currently exhibit significant signs and symptoms of a mental disorder. A diagnosis of alcoholism or drug addiction, of developmental disorders, or of any form of sexual disorder shall not, by itself, render an individual seriously mentally ill. The combination of either a diagnosis or significant signs and symptoms of a mental disorder and an impaired level of functioning, as outlined in this definition, is necessary for one to be considered seriously mentally ill. Whether a person meets the criteria of seriously mentally ill is initially determined by a comprehensive, professional clinical assessment by a Department Mental Health Professional in order to determine if the individual has a diagnosable mental disorder as defined by the current DSM and to establish the person's overall level of functioning. The appropriate threshold to establish level of functioning that equates to a serious mental illness includes serious impairments in capacity to recognize reality in work, school or learning environments; frequent problems with the authority/rules; occasional combative behavior; serious impairments in relationships with friends and family; serious impairments in judgment, thinking and mood; and serious impairment due to anxiety. These disturbances must be observed in at least one of the listed areas.

DOC             20 ILLINOIS ADMINISTRATIVE CODE 504       504.12

SUBCHAPTER e

"Temporary Confinement" means a confinement status in which an offender may be placed until a determination is made as to whether a disciplinary report or investigative report is to be issued, or pending a disciplinary hearing.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                 20 ILLINOIS ADMINISTRATIVE CODE 504                    504.15
                                                                          APTER c

## Section 504.15 Responsibilities

a)    Unless otherwise specified, the Director or Chief Administrative Officer may
      delegate responsibilities stated in this Subpart to another person or persons or
      designate another person or persons to perform the duties specified.

b)    No other individual may routinely perform duties whenever a Section in this
      Subpart specifically states the Director or Chief Administrative Officer shall
      personally perform the duties. However, the Director or Chief Administrative
      Officer may designate another person or persons to perform the duties during
      periods of his or her temporary absence or in an emergency.

(Source: Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

DOC                     20 ILLINOIS ADMINISTRATIVE CODE 504                     504.20

SUBCHAPTER e

## Section 504.20 Offenses and Maximum Penalties

Disciplinary offenses are defined in Appendix A. Maximum penalties for conduct that constitutes a disciplinary offense are set forth in Table A.

a) No offender shall be found guilty of any violation of this Part without a hearing before the Adjustment Committee or Program Unit. If an offender is transferred from one facility to another while pending a hearing, the individual shall be provided with an opportunity to present a defense at any subsequent disciplinary hearing held at the receiving facility that is comparable to that which would have been afforded, in accordance with this Subpart, at the sending facility.

b) In determining the appropriate sanctions, the Adjustment Committee or Program Unit, the Chief Administrative Officer and the Director shall consider, among other matters, mitigating or aggravating factors including:

1) The offender's age, medical and mental state at the time of committing the offense;

2) If the offender is determined to be seriously mentally ill and if the sanctions for the violation may include a period of segregation, the recommendations of a mental health professional;

3) The extent and degree of participation in the commission of the offense;

4) The amount or nature of stolen property, contraband or injury; and

5) The offender's prior disciplinary record.

c) Corporal punishment, disciplinary restrictions on diet, medical or sanitary facilities, clothing, bedding, mail or access to legal materials and reductions in the frequency of use of toilets, washbowls and showers shall be prohibited.

d) Disciplinary restrictions on visitation, work, education or program assignments and use of the library shall be related as closely as practicable to the abuse of these privileges. This subsection shall not apply to segregation of offenders for purposes of institutional control.

e) Offenders are presumed to be responsible for any contraband or other property prohibited by this Part that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to, the door track, window ledge, ventilation unit, plumbing, and the offender's desk,

cabinet, shelving, storage area, bed and bedding materials in his or her housing assignment, and desk, cubicle, work station and locker in his or her work, educational or vocational assignment. If the offender produces evidence that convinces the Adjustment Committee or Program Unit that he or she did not commit the offense, the offender shall be found not guilty.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                504.30
                                                                    SUBCHAPTER e

## Section 504.30 Preparation of Disciplinary Reports

a)    Every employee has the duty to observe the conduct of offenders.

b)    If an employee observes an offender committing an offense, discovers evidence of its commission or receives information from a reliable witness of the conduct, the employee shall promptly prepare a disciplinary report. However, if the infraction is listed in the 400 series in Table A and the employee determines a disciplinary report is not necessary to resolve the situation, the employee may orally reprimand the offender.

c)    The disciplinary report must be fully completed. The reporting employee shall provide the following information to the extent known or available:

    1)    The name and identification number of the offender.

    2)    The place, time and date of the offense.

    3)    The offense that the offender is alleged to have committed.

    4)    A written statement detailing the conduct observed.

    5)    The names of offenders, employees and visitors who were witnesses. The identity of witnesses may be withheld for reasons of security provided a statement to that effect and the information the confidential source provided are included on the disciplinary report to the extent the information can be included without jeopardizing security.

    6)    The signature of the reporting employee and the date and time the report is completed.

d)    If an offender is suspected of committing a disciplinary offense, an investigative disciplinary report, hereinafter referred to as an investigative report, shall be issued that reasonably informs the offender of the subject of the investigation to the extent that safety and security allow. In no event shall an investigative report be served upon an offender more than eight calendar days after the suspected commission of an offense or the discovery of an offense, whichever is later, unless the offender is unavailable or unable to participate in the proceeding.

e)    Service of a disciplinary report upon the offender shall commence the disciplinary proceeding. In no event shall a disciplinary report be served upon an offender more than eight calendar days after the commission of an offense or the discovery

of an offense unless the offender is unavailable or unable to participate in the proceeding.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.40
                                                                    SUBCHAPTER e

## Section 504.40  Investigative Status and Temporary Confinement

The shift supervisor shall determine whether or not it is necessary to place the offender in investigative status or in temporary confinement status pending a disciplinary hearing or a determination whether to issue a disciplinary or investigative report in accordance with Section 504.30. If the offender has been diagnosed as seriously mentally ill, the shift supervisor shall ensure a mental health professional completes a documented review of the offender within 48 hours and provides his or her recommendation for temporary confinement to the Chief Administrative Officer. The Chief Administrative Officer shall also have the authority to release the offender from temporary confinement. The decision to place an offender in investigative status or temporary confinement may be based, among other matters, on:

a)     The aggressiveness of the offender;

b)     The threat posed to the safety and security of the facility or any person;

c)     The need to restrict the offender's access to general population to protect the individual from injury or to conduct the investigation;

d)     The seriousness of the offense; or

e)     Contraindication for placement determined by a mental health professional.


(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.50  Review of Disciplinary Reports

a)   The Chief Administrative Officer of each facility shall designate one or more Reviewing Officers.

b)   The Reviewing Officer shall review the decision to place an offender in temporary confinement within three calendar days after the placement, whenever possible, and may order release from or placement in temporary confinement. Among other matters, the factors listed in Section 504.40 may be considered. If a disciplinary or investigative report has not been written within three calendar days after placement in temporary confinement, the Reviewing Officer shall inform the Chief Administrative Officer.

c)   An offender who receives an investigative report shall be interviewed by the Reviewing Officer in order to permit the offender an opportunity to present his or her views regarding placement in investigative status.  The interview shall be conducted within 10 calendar days after initial placement in investigative status, whenever possible.

   1)   The Reviewing Officer shall recommend whether to continue placement of the offender in investigative status.  Among other matters, factors listed in Section 504.40 may be considered.  The Chief Administrative Officer shall make the final determination.

   2)   The offender shall be informed of the decision and the decision shall be documented in writing.

   3)   ~~The offender may be detained in investigative status for up to 30 days.~~

   4)   If the investigation does not indicate that the offender may be guilty of any disciplinary offense, placement in investigative status shall be terminated and the report shall be expunged from the offender's records.  A copy shall be maintained in an expungement file.  This decision shall be made by the Chief Administrative Officer and shall be documented in writing.

   5)   If, as a result of the investigation, it is necessary to amend or modify the original charges, the offender shall be issued a revised disciplinary report.

   6)   Upon completion of the investigation, the offender shall appear before the Adjustment Committee for a hearing on the disciplinary report unless the report has been expunged.

<u>DOC</u>                      <u>20 ILLINOIS ADMINISTRATIVE CODE 504</u>                 <u>504.50</u>

SUBCHAPTER e

7)   In the event that an investigation cannot be completed within 30 days due to an institutional emergency, the Chief Administrative Officer may personally authorize, in writing, an extension of up to 30 days placement pending investigation. As used in this Section, an institutional emergency includes riots, strikes, lockdowns and natural disasters.

8)   The Director may personally authorize, in writing, additional extensions of up to 30 days each if an institutional emergency prevents completion of the investigation within 60 days. The offender shall be informed of the decision in writing.

d)   The Reviewing Officer shall review each disciplinary report and determine whether:

1)   The reported facts justify a disciplinary hearing. If not, the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file.

2)   The disciplinary report has been completed properly. If not, the Reviewing Officer shall make the necessary corrections or direct the reporting employee to make the corrections. The offender shall be provided with a copy of the corrected report. In the event the corrected report contains new charges, the offender shall be provided a copy of the corrected report at least 24 hours prior to the hearing, unless the offender waives this notice in writing.

3)   The offense is major or minor in nature. Major offenses shall be assigned to the Adjustment Committee for a hearing and minor offenses shall be assigned to the Program Unit for a hearing.

A)   Aiding and abetting, soliciting, attempting to commit, conspiring to commit, or committing any offense listed in the 100, 200, or 500 series of Table A shall be considered a major offense.

B)   Those offenses listed in the 300 or 400 series or the aiding and abetting, soliciting, attempting to commit, or conspiring to commit any of these offenses shall be designated as major or minor based on the seriousness of the offense and factors enumerated in Section 504.20(b).

e)   The Reviewing Officer shall forward copies of all major disciplinary reports to the Hearing Investigator.

DOC                   20 ILLINOIS ADMINISTRATIVE CODE 504            504.50
                                                                CHAPTER e

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.60

SUBCHAPTER e

## Section 504.60  Investigation of Major Disciplinary Reports

a)     The Chief Administrative Officer shall appoint one or more Hearing Investigators who shall review all major disciplinary reports.

   1)     The Hearing Investigator may conduct an investigation into the charges as determined to be appropriate.  This determination may be based, among other matters, upon the severity of the offense, the complexity of the charges or the offender's admission of guilt.  The investigation may include an investigation of additional charges.

   2)     The Hearing Investigator may correct or direct the reporting employee to correct any errors in the disciplinary report.  The offender shall be provided with a copy of the corrected report.  In the event the corrected report contains new charges, the offender shall be provided a copy of the corrected report at least 24 hours prior to the hearing unless the offender waives this notice.

   3)     The Hearing Investigator may interview any person who may have information that relates to the alleged violation and may inspect any physical evidence.

   4)     The Hearing Investigator shall determine whether to submit a report to the Adjustment Committee, based upon the results of the investigation.  However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the Adjustment Committee.

   5)     Any report may be submitted in writing or presented orally, as determined by the Hearing Investigator.

b)     If the offender has been diagnosed as seriously mentally ill and the sanction for the offense may result in a period of segregation, a mental health professional shall be assigned to review the offender's mental health records and disciplinary report to determine if the offender's mental illness contributed to the underlying behavior of the offense.


(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.70  Adjustment Committee and Program Unit Composition

a)    The Chief Administrative Officer shall appoint the Adjustment Committee, which shall be composed of at least two members.

   1)    The Adjustment Committee shall include:

      A)    To the extent possible, a person representing the counseling staff; and

      B)    At least one minority staff member.

   2)    The Chief Administrative Officer shall designate a chairperson.

b)    The Program Unit shall be composed of a group of employees appointed by the Chief Administrative Officer who shall serve as Hearing Officers.  At least one member of the Program Unit shall be a minority staff member.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

1) The offender may make any relevant statement or produce any relevant documents in his or her defense.

2) Prior to the hearing, the offender may request that witnesses be interviewed. The request shall be in writing on the space provided in the disciplinary report and shall include an explanation of what the witnesses would state. If the offender fails to make the request in a timely manner before the hearing, the individual may be granted a continuance for good cause shown.

g) The Adjustment Committee shall consider all material presented that is relevant to the issue of whether the offender committed the offense.

h) If the offender has been diagnosed as seriously mentally ill, the Adjustment Committee may request the reviewing mental health professional to appear before the Adjustment Committee to provide testimony relevant to his or her review.

i) The Adjustment Committee shall consider any statements of witnesses with relevant knowledge of the incident who are reasonably available.

1) The Adjustment Committee or its Hearing Investigator may interview witnesses and prepare or review summaries of their testimony prior to or at or subsequent to the hearing.

2) The offender does not have the right to confront or cross-examine any witnesses, but may submit questions for witnesses to the Adjustment Committee prior to the hearing. These questions shall be asked by the Adjustment Committee or its Hearing Investigator unless found to be cumulative, irrelevant or a threat to the safety of individuals or the security of the facility.

3) A means shall be provided in each living unit for offenders to submit witness request slips. The Adjustment Committee may disapprove witness requests that are not received prior to the hearing.

4) Requests by offenders for witnesses may be denied if their testimony would be, among other matters, irrelevant or cumulative or would jeopardize the safety or disrupt the security of the facility. If any witness request is denied, a written reason shall be provided.

5) At least one person who serves as an Adjustment Committee member shall hear the in-person testimony of the offender's witnesses when the offender

DOC 20 ILLINOIS ADMINISTRATIVE CODE 504 504.80

SUBCHAPTER e

## Section 504.80  Adjustment Committee Hearing Procedures

a) The Adjustment Committee hearing shall be convened, but need not be concluded, within 14 days after the commission of the offense by an offender or its discovery, whenever possible, unless the offender has received a continuance or is unable or unavailable for any reason to participate in the hearing. For purposes of this Section, when an investigation has taken place, an offense is considered to be discovered upon the conclusion of the investigation. Inability to participate includes the absence of the offender from the facility for any reason or certification by health care or mental health staff that the offender is unable to appear.

b) The offender shall receive written notice of the facts and charges being presented against him or her no less than 24 hours prior to the Adjustment Committee hearing. The offender may waive the 24-hour advance notice. The waiver shall be in writing.

c) The offender shall be informed before or at the hearing of information that would tend to show that the offender was not guilty. If the information is provided to him or her at the hearing, the offender, upon request, shall be given a continuance.

d) Any person who initiated the allegations that serve as the basis for the disciplinary report, or who conducted an investigation into those allegations, or who witnessed the incident, or who is otherwise not impartial shall not serve on the Adjustment Committee hearing that disciplinary report. An offender who objects to a member of the Adjustment Committee based on a lack of impartiality must raise the matter at the beginning of the hearing. The Adjustment Committee shall document the basis of the objection and the decision in the Adjustment Committee summary.

e) An offender may, upon written request and for good cause shown, be granted additional time to prepare his or her defense. If, at the time of the hearing, the Adjustment Committee determines that the offender was unable to prepare a defense because of a language barrier or hearing impairment, the Adjustment Committee shall automatically grant a request for a continuance for language assistance. The committee shall then make the necessary arrangements for language assistance. Inability to prepare a defense due to a language barrier includes, but is not limited to, a request for witnesses.

f) Any offender charged with a violation of any rule shall have the right to appear before and address the Adjustment Committee. Any refusal to appear shall be documented and provided to the Adjustment Committee. However, failure to appear before or address the Adjustment Committee may be adversely construed against the individual by the Adjustment Committee.

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.80

makes a timely request for the witnesses or is granted a continuance to request witness testimony. In-person testimony of the offender's witnesses shall be defined as face-to-face contact or telephonic contact by the Adjustment Committee.

6)      If the Adjustment Committee makes a written determination that the in-person testimony by the witness requested by the offender would undermine authority or would present potential disruption of the operations of the facility or a threat to the safety of any person or institutional safety or correctional goals, the Adjustment Committee may elect to accept the testimony through other legally permissible means, including, but not limited to, a sworn written summary of an interview of the witness or a sworn statement.

7)      A sworn written statement or sworn written summary of a witness' testimony is a reasonable alternative to in-person testimony if the witness' testimony will be accepted as credible and it involves verification of alleged facts, including, but not limited to, a witness who will testify to the authenticity of contents of a record or document, cell location, work assignment, writ status, staff work schedule or identification.

8)      When testimony is presented to the Adjustment Committee in the form of a written summary or statement, a copy of the written summary or statement shall be given to the accused offender unless the Adjustment Committee finds that disclosure presents a threat to the safety of any person.

j)      The offender shall not have the right to either retained or appointed counsel. The offender may request the assistance of a staff member in the preparation and presentation of his or her defense if he or she is illiterate, has a hearing impairment or does not speak English; or when other circumstances exist that preclude the individual from adequately preparing his or her defense.

k)      The Adjustment Committee shall decide whether the offender committed the offense based upon all relevant information and evidence.

1)      The Adjustment Committee must be reasonably satisfied there is some evidence that the offender committed the offense for the individual to be found guilty.

2)      The Adjustment Committee may require that any part of the hearing process be recorded, including, but not limited to, a self admission of guilt by the offender.

DOC             20 ILLINOIS ADMINISTRATIVE CODE 504       504.80

SUBCHAPTER e

3)     Polygraph or voice stress analysis results may be considered, but may not be the sole basis for finding the offender guilty of the offense.

l)     The Adjustment Committee shall take one of the following actions, based upon the evidence admitted:

     1)     Find that the offender did not commit the offense. In that case, the Adjustment Committee shall order that the disciplinary report be dismissed and expunged from the offender's record. A copy shall be maintained in an expungement file.

     2)     Find that further investigation is necessary to determine if the offender did or did not commit the offense and place the offender in investigative status.

     3)     Find that additional time is needed to obtain information relative to the charge. The hearing may be continued for a reasonable time. However, unless the offender is placed in investigative status, the individual may not be confined for more than 14 days from the date of placement in temporary confinement.

     4)     Find that the offender did commit the offense or a lesser offense for which the elements were included in the original charge. The Adjustment Committee may recommend one or more of the following disciplinary actions:

        A)     Reprimand the offender.

        B)     Suspend or restrict one or more privileges of the offender for a specific period of time.

        C)     Reduce the offender's grade or level.

        D)     Change the offender's program.

        E)     Change the offender's housing assignment or transfer the individual to another correctional facility.

        F)     Revoke the offender's statutory sentence creditor recommend an adjustment of provisionally awarded supplemental sentence credit.

        G)     Increase the offender's security classification.

H)  Place the offender in segregation or confinement.  If the offender has been diagnosed as seriously mentally ill, the Adjustment Committee shall consider the recommendation of the reviewing mental health professional for the term of segregation, including no period of segregation.

I)  Require the offender to make restitution.

J)  Revoke the offender from a transition center.  If revocation is recommended, the Adjustment Committee may also recommend reduction in grade and placement in segregation.

K)  Require forfeiture of items of contraband used in the offense or possessed in violation of this Part.

5)  This Part shall in no way be construed to restrict or limit the Department's ability to administratively change an offender's job, educational, program or housing assignment, to restrict privileges or to transfer the offender to another facility.

m)  A written record shall be prepared and signed by all members of the Adjustment Committee that contains:

1)  A summary of oral and written statements and other evidence presented.

A)  The Adjustment Committee may consider information from confidential sources if:

i)  It finds that his or her identity must be withheld for reasons of security; and

ii)  The information is reliable.

B)  Reliability may be established by one of the following:

i)  The investigating officer has indicated, in writing and by his or her appearance before the Adjustment Committee, the truth of his or her report containing confidential information;

ii)  Corroborating testimony such as statements from other sources or polygraph or voice stress analysis results; or

DOC                20 ILLINOIS ADMINISTRATIVE CODE 504              504.80
                                                                BCHAPTER e

    iii)    A statement by a member of the Adjustment Committee or an oral or written statement to the Adjustment Committee by supervisory or administrative staff that the individual has firsthand knowledge of the sources of information and considers them reliable on the basis of their past record of reliability.

    C)    If the identity of a source is being withheld for reasons of security, a statement to that effect and a statement that the Adjustment Committee finds the information reliable must be included. A summary of the information provided and the basis for the finding of reliability shall be documented, but need not be included in the summary based on safety and security concerns.

  2)    If the Adjustment Committee members find that the offender committed the offense, a statement as to their reasons for the finding. If exonerating evidence is presented and disregarded, the Adjustment Committee must state the basis for disregarding the evidence.

  3)    The disposition of the charges, the disciplinary action recommended and the reasons for recommending the disciplinary action.

n)    If the safety or security of the facility or any person is jeopardized by certain references in the written record, they may be deleted but the fact that omissions have been made shall be noted on the summary, along with a finding that material is being deleted based on safety or security concerns.

o)    If the offender is found guilty, the individual shall be informed of the opportunity to appeal through the grievance procedures in 20 Ill. Adm. Code 504.Subpart F.

p)    A copy of the disciplinary report ,Adjustment Committee summary, and, if applicable, the mental health review, shall be forwarded to the Chief Administrative Officer for review and approval, and a copy shall be filed in the offender's record. The offender shall be given a copy of the Adjustment Committee summary.

q)    The Chief Administrative Officer shall review all Adjustment Committee dispositions. The Director shall review all Adjustment Committee dispositions in which it is recommended that the offender lose statutory sentence creditor provisionally awarded supplemental sentence credit.

DOC                                20 ILLINOIS ADMINISTRATIVE CODE 504                        504.80
                                                                                    SUBCHAPTER e

1)   The Director, Deputy Director or Chief Administrative Officer may take the following actions:

   A)   Confirm the recommendation in whole or in part.

   B)   Order additional or new proceedings.

   C)   Suspend or overturn the recommendation.

   D)   Offer the offender a work assignment that, if accepted and satisfactorily completed, will result in reduction of original disciplinary sanctions.

2)   The Director, Deputy Director or Chief Administrative Officer shall not increase the sanctions recommended by the Adjustment Committee, but he or she may reduce them. The offender shall be sent a copy of any modification to the Adjustment Committee recommendations.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.90  New or Additional Proceedings

a) The Director, Deputy Director or Chief Administrative Officer all remand the decision to the Adjustment Committee for new proceedings if the proceedings are found to be defective due to:

1) Inadequate notice, including failure to state the correct date of the offense on the disciplinary report or failure to provide the offender with 24-hour notice of the hearing, unless notice was waived.

2) Lack of impartiality of the Adjustment Committee.

3) Improper exclusion of witnesses.

4) Failure to provide exonerating information to the offender prior to the hearing.

b) New or additional proceedings may be ordered in other circumstances, as determined by the Director, Deputy Director or Chief Administrative Officer.

1) The offender shall be provided with notice of the rehearing within a reasonable time after the Chief Administrative Officer's decision or the facility's receipt of the decision.

2) The rehearing shall commence within 14 calendar days after the Chief Administrative Officer's decision or the facility's receipt of the decision, whenever possible.

3) The procedures on remand shall be conducted in accordance with the procedures governing the hearing on the original charge.

c) The Director, Deputy Director or Chief Administrative Officer may remand the decision to the Adjustment Committee for additional documentation, correction or clarification of the Adjustment Committee summary, including the statement of reasons for excluding witnesses, the basis for the finding of guilt and imposition of sanctions, statement of reasons for deeming sources to be confidential or the failure to specify reasons for finding a confidential source to be reliable.

1) The offender shall not have the right to a new hearing, but shall be notified of the decision.

2) After the Adjustment Committee has amended its summary, it shall be forwarded to the Chief Administrative Officer and then to the Director in

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.90
                                                                SUBCHAPTER e

accordance with the procedures applicable to review of the original
disposition.

d)      Upon remand, sanctions greater than those imposed at the original hearing shall
        not be permitted unless the offender is charged with a different offense that
        provides for a greater penalty than provided for under the original charge or new
        evidence is produced that was not available at the original hearing and justifies
        the imposition of greater punishment. However, this does not prohibit the
        offender from being found guilty and disciplined on remand when the Adjustment
        Committee had erroneously dismissed the disciplinary report on procedural
        grounds.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                20 ILLINOIS ADMINISTRATIVE CODE 504                .100

## Section 504.100  Program Unit Hearing Procedures

a)  The Program Unit hearing shall be convened, but need not be concluded, within 14 calendar days after the commission of the offense or its discovery, whenever possible, unless the offender is unable to participate in the hearing.

b)  The offender shall receive written notice of the facts and charges being presented against him or her prior to the hearing.

c)  Any person who initiated the allegations that serve as the basis for the disciplinary report, or who conducted a formal investigation into those allegations, or who witnessed the incident, or who is otherwise not impartial, shall not conduct a hearing on that report.

d)  The hearing may be continued to obtain additional information or upon the offender's written request and for good cause shown.

e)  The offender shall have the right to appear before and address the Program Unit Hearing Officer.

f)  The Program Unit Hearing Officer may call witnesses and review any information relevant to the charge.

g)  The offender shall not have the right to retained or appointed counsel. The offender may request the assistance of a staff member in the preparation of his or her defense if the individual is illiterate, has a hearing impairment or does not speak English, or when other circumstances exist that preclude the individual from adequately preparing his or her defense.

h)  The Program Unit Hearing Officer may return a disciplinary report to the Chief Administrative Officer with a recommendation for a hearing before the Adjustment Committee.  The factors listed in Section 504.20(b) shall be considered when making this determination.

    1)  If approved by the Chief Administrative Officer, a hearing before the Adjustment Committee shall commence within 14 calendar days after the approval, whenever possible.

    2)  If not approved, the disciplinary report shall be referred back for a hearing before the Program Unit that shall commence within 14 calendar days after the decision not to approve the recommendation, whenever possible.

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504            504.100
                                                                 SUBCHAPTER e

i)    The Program Unit Hearing Officer may recommend any of the actions authorized in Section 504.80(l), except that the Officer may not recommend placement in segregation or confinement, revocation of sentence credit, revocation of transition center status, an increase in the offender's security classification, or transfer to another correctional facility.

j)    A record shall be signed by the Hearing Officer that contains a summary of oral and written statements and other evidence presented, the decision and the disciplinary action recommended.

k)    The summary shall be processed in accordance with Sections 504.80 (p) and (q) and 504.90.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504              504.110
                                                            SU    APTER e

## Section 504.110  Computation of Discipline for Multiple Offenses

a)    When an offender has been found in violation of more than one offense arising from a single incident, the maximum penalty shall not exceed the maximum penalty for the most serious offense the individual is found to have committed.

b)    When an offender has been found in violation of more than one offense arising from separate incidents, the maximum penalty for each offense may be imposed, and such penalties shall run consecutively.  For example, an offender who is found guilty of assaulting several persons within a short period of time has committed multiple offenses that would be punishable consecutively.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

DOC _____ 20 ILLINOIS ADMINISTRATIVE CODE 504 _____ 504.115

SUBCHAPTER e

## Section 504.115 Indeterminate and Long Term Segregation Placement

a) Within six months after placement in segregation, and no less frequently than once every 90 days thereafter, the Director or Deputy Director shall personally review the placement of offenders in indeterminate disciplinary segregation or the placement of offenders who have disciplinary segregation terms greater than one year. This review shall include a face-to-face interview with the offender by staff. The Director or Deputy Director may continue the offender's segregation placement or establish a specific segregation release date.

b) In determining whether to establish a specific segregation release date, the Director or Deputy Director may consider, among other matters:

1) The seriousness of the offense;

2) The safety and security of the facility or any person;

3) The offender's behavioral and disciplinary history;

4) The offender's age, medical and mental health;

5) Reports and recommendations concerning the offender;

6) The interview and any submissions of relevant material and information;

7) Institutional order; and

8) Other legitimate penological interests.

c) A copy of the decision shall be provided to the offender and the facility record office.

d) An offender in disciplinary segregation may seek a reduction in the segregation placement in accordance with Section 504.120.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.120
                                                                    SUBCHAPTER e

## Section 504.120  Reduction in Segregation Placement

a)  An offender shall receive credit against the term of segregation placement for time spent in temporary confinement or in investigative status.

b)  An offender may petition the Adjustment Committee no more often than every 90 days to reduce the segregation term based on his or her conduct while in segregation.

c)  The Adjustment Committee may either recommend reduction of the original segregation term imposed or deny the petition.

d)  The Adjustment Committee's recommendation shall be reviewed by the Chief Administrative Officer.

e)  The decision shall be provided to the offender in writing and, if denied, shall provide the factual basis for the denial.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.130

SUBCHAPTER e

## Section 504.130 Demotion and Restoration in Grade

a)    Privileges shall be afforded to offenders assigned to correctional centers based upon their current grade, in the following manner:

    1)    Offenders in "A" grade shall be eligible to receive all institutional privileges. Newly admitted offenders shall be placed in "A" grade.

    2)    Offenders in "B" grade shall be eligible to receive institutional privileges limited to medical, critical illness or funeral furlough; yard; limited commissary, not to exceed $30 per month; visits, excluding video visitation; and no more than two telephone calls per 30 day period.

    3)    Offenders in "C" grade shall be ineligible to receive institutional privileges, except yard, restricted commissary and visits, excluding video visitation; however, audio-visual privileges may be restored if directed by the treating mental health professional. An offender may only purchase from the commissary personal hygiene items and other items approved by the Chief Administrative Officer, based on the offender's institutional status, once each 30 day period while in "C" grade. The 30 day period shall commence on the date of placement into "C" grade.

b)    Grade reductions shall be effective on the date the Chief Administrative Officer renders a decision, unless otherwise specified.

c)    An offender who has been demoted to "B" or "C" grade as a result of a disciplinary infraction shall be automatically promoted to the next highest grade at the expiration of the time period specified by the Adjustment Committee.

d)    An offender who has been demoted to "C" grade and automatically placed in "B" grade after expiration of the time period specified by the Adjustment Committee shall be required to spend the same time period in "B" grade as in "C" grade. Upon expiration of this time period, the offender shall be restored to "A" grade.

e)    An offender may petition the Adjustment Committee for restoration in grade based upon the individual's good conduct and institutional record no more often than every 90 days. The decision shall be provided to the offender in writing and, if denied, shall provide the factual basis for the denial.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC    20 ILLINOIS ADMINISTRATIVE CODE 504    10 e

## Section 504.140  Restitution Procedures

a)    The Adjustment Committee or Program Unit may recommend that the offender make restitution in any amount not to exceed costs incurred or damages sustained by any person, entity, or state as a result of the disciplinary offense, including expenses for investigating the matter and processing the disciplinary report.  The Adjustment Committee or Program Unit shall document the amount and the conditions of payment.

b)    If the Adjustment Committee or Program Unit determines that restitution is appropriate, it shall ask the offender to authorize disbursement from his or her trust fund or from any other account.

   1)    If the offender agrees to make restitution the individual shall sign an authorization for disbursement of funds either to the State or to the appropriate individual.

   2)    If the offender refuses to authorize disbursement of his or her current funds or future earnings in accordance with the Adjustment Committee's or Program Unit's recommendation, the Adjustment Committee or Program Unit may recommend that a hold be placed on the individual's account for such amount, and may further recommend that the individual's commissary privileges, other expenditures, or State pay be suspended in whole or in part for a definite period of time.  However, the offender shall be permitted to retain a sufficient amount of funds to purchase basic personal hygiene items if such items are not provided by the facility.

c)    The Adjustment Committee or Program Unit may consider the offender's willingness to make restitution in imposing any other disciplinary sanctions.

d)    An offender shall not be subjected to greater punishment because he or she is without funds and therefore unable to make restitution.

e)    In the event an offender is released prior to full payment of restitution, arrangements shall be made for payment of the balance of the authorized restitution.  If the offender did not authorize restitution, all or a portion of the grant money provided for in 20 Ill. Adm. Code 502.320 may be suspended.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

DOC        20 ILLINOIS ADMINISTRATIVE CODE 504        504.150

SUBCHAPTER e

## Section 504.150  Restoration of Time and Credit

Time and credit that has been revoked may be restored in accordance with 20 Ill. Adm. Code 107.160.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.600
                                                                    SUBCHAPTER e

## SUBPART D: SEGREGATION AND CONFINEMENT

### Section 504.600  Applicability

This Subpart applies to correctional facilities within the Department of Corrections.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC _____ 20 ILLINOIS ADMINISTRATIVE CODE 504 _____ 504.602
SUBCHAPTER e

## Section 504.602  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department.

"Offender" means a person committed to the Department or to the custody of the Department.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.605 Responsibilities

a)    Unless otherwise specified, the Director, Deputy Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)    No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director, Deputy Director or Chief Administrative Officer shall personally perform the duties. However, the Director, Deputy Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of their temporary absence or in an emergency.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                  20 ILLINOIS ADMINISTRATIVE CODE 504            504.610

SUBCHAPTER e

## Section 504.610  Placement in Segregation Status

a)    In accordance with this Part, offenders may be confined in designated areas on segregation status.  Segregation status includes:

   1)    Temporary confinement pending a disciplinary hearing or investigation; or

   2)    Disciplinary segregation resulting from a disciplinary hearing.

b)    Segregation areas include the segregation unit or any cell, living area or other area designated by the Chief Administrative Officer to house offenders who are in segregation status.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.620 Segregation Standards

Standards for living conditions in segregation areas shall include the following provisions:

a) Double celling shall be permitted upon approval of the Chief Administrative Officer. Prior to assigning offenders to a double cell, a review shall be conducted to determine whether there are reasons why the offenders should not be double celled. Medical and mental health concerns shall be considered in making this determination.

b) Minimally, each cell shall be furnished with:

   1) A bed for each offender, securely fastened to the cell;

   2) Clean bedding, including a mattress, blanket, sheets, pillow and pillow case for each offender;

   3) A wash basin with running water and flushable toilet facilities (controls may be located outside the cell); and

   4) Adequate lighting for reading and observation purposes.

c) Segregation cells shall be located at or above ground level, provide visual access to natural light, and have heat and ventilation consistent with the climate.

d) Each cell shall have a door and a food passage. Any solid cell door shall have a vision panel or shall be designed to allow light to enter and permit observation.

e) The use of physical restraints to confine the offender's movements within the cell shall generally be prohibited.

f) Each cell shall be maintained in a sanitary condition and cleaning materials shall be made available on a regular basis.

g) Personal health and hygiene needs of the offender shall be permitted as follows:

   1) A shower and shave no less than three times per week.

   2) State issued toilet tissue, soap, towel, toothbrush and toothpaste for daily use if the offender has insufficient commissary funds to purchase these items.

DOC          20 ILLINOIS ADMINISTRATIVE CODE 504      504.620

SUBCHAPTER e

     3)     A weekly exchange of clean institutional clothes or availability of laundry services at least weekly.

     4)     False teeth, eye glasses and other essential items of personal hygiene and health shall be permitted unless they are a threat to safety or security.

h)     Offenders in segregation status shall be permitted personal property as approved by the Chief Administrative Officer, except for property prohibited by 20 Ill. Adm. Code 535.

i)     Offenders in segregation status shall be demoted to "C" grade. Privileges shall be in accordance with grade (Section 504.130).

j)     Persons in segregation status shall receive nutritionally adequate food.

k)     Visits shall be permitted in accordance with 20 Ill. Adm. Code 525.Subpart A. Video visitation for offenders in segregation status shall be prohibited.

l)     Medical personnel shall visit the segregation unit daily to screen requests for medical attention, and a physician shall visit the unit on a weekly basis.

m)     A mental health professional shall conduct mental health rounds in the segregation unit, at minimum, once every seven calendar days.

n)     A chaplain designated by the Chief Administrative Officer shall visit the segregation area once every seven calendar days.

o)     Each offender in segregation status shall be contacted by a correctional counselor at least once every 30 calendar days.

p)     Continued involvement in programs may be permitted on an individual basis on approval of the Chief Administrative Officer.

q)     Offenders shall be afforded the opportunity for exercise outside their cells in accordance with Section 504.670.

r)     Offenders in segregation status shall have the same mail privileges as those provided for persons in the general population (20 Ill. Adm. Code 525.Subpart B). Electronic mail privileges for offenders in segregation status shall be prohibited.

s)     Offenders in segregation status shall be permitted reading materials and shall have access to materials from the facility library and legal library. Physical access to the library need not be provided.

DOC                  20 ILLINOIS ADMINISTRATIVE CODE 504             504.620
                                                         SUBCHAPTER e

t)      Any equipment, personal property or material provided or allowed in the cell of
        an offender in segregation status, in accordance with this Subpart, may be
        removed or restricted as approved by the Chief Administrative Officer if the
        offender destroys, damages or abuses it in a manner that jeopardizes the safety of
        any person or the facility or disrupts institutional safety or order.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC           20 ILLINOIS ADMINISTRATIVE CODE 504      504.630

SUBCHAPTER e

## Section 504.630  Investigative Confinement

Offenders placed in confinement pending completion of an investigation shall be provided with the same conditions and services as those required for the segregation area.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

B)     Restricted from congregate recreational opportunities for 30 days or indefinitely placed on limited recreation or both for the second and subsequent offenses.

2)     Any other major rule infraction that is yard-related and was committed while the offender was in segregation status may be restricted from congregate recreation for up to 90 days for the first offense and up to 90 days for each subsequent major offense.

3)     A minor disciplinary offense that is yard-related and was committed while the offender was in segregation status may be restricted from congregate recreation for up to 15 days for the first offense and up to 30 days for each subsequent offense.

d)     Restrictions on recreational opportunities shall be documented, including the type of, length of and reason for the restriction. A copy of the documentation shall be maintained by the facility, a copy shall be placed in the offender's master record file, and a copy shall be given to the offender.

e)     Whenever an offender's congregate recreation is restricted for more than 90 consecutive days, the restriction and any health concerns must be personally reviewed and approved in writing by an Assistant Chief Administrative Officer or above.

f)     Offenders whose recreational opportunities have been restricted or limited may grieve the determination in accordance with Subpart F.

g)     Recreational opportunities shall not be required during institutional lockdowns or during institutional emergencies, including, but not limited to, riots, strikes, fires, work stoppages, power outages and natural disasters.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC

20 ILLINOIS ADMINISTRATIVE CODE 504

504.680
SUBCHAPTER e

## Section 504.680 Release from Disciplinary Segregation

The Department shall make every attempt to ensure offenders are not released directly to the community from disciplinary segregation status. In the event such a release is imminent, within 180 days prior to release:

a)    The Deputy Director shall determine if the offender may transition through a less secure placement option or if continued placement in disciplinary segregation status is appropriate.

b)    If the Deputy Director determines continued placement in disciplinary segregation status is appropriate, a transition and stabilization plan shall be developed and appropriate programming, based on safety and security concerns, shall be provided.

(Source: Added at 41 Ill. Reg. 3869, effective April 1, 2017)

## Section 504.690 Administrative Detention

Administrative detention is a nondisciplinary status of confinement that removes an offender from general population or restricts the individual's access to general population.

a) The Chief Administrative Officer may, with the approval of the Director or Deputy Director, place an offender in administrative detention for up to 90 days.

b) In determining whether to place an offender in administrative detention, the Chief Administrative Officer may consider, among other matters:

  1) The seriousness of the offense;

  2) The safety and security of the facility or any person;

  3) The offender's behavioral and disciplinary history;

  4) Reports and recommendations concerning the offender;

  5) The interview and any submissions of relevant material and information;

  6) Institutional order; and

  7) Other legitimate penological interests.

c) The Chief Administrative Officer shall review the record of each offender in administrative detention every 90 days to determine whether continued placement is appropriate.

  1) The offender need not be interviewed during these reviews.

  2) The Chief Administrative Officer shall document the decision in writing.

d) Living conditions in administrative detention shall meet, at minimum, the standards set forth in Section 504.620.

e) Telephone privileges shall be afforded in accordance with 20 Ill. Adm. Code 525.150.

f) Recreation standards for administrative detention shall be determined by the Chief Administrative Officer and shall afford the opportunity for recreation outside the cell no less than amounts established for other statuses of confinement.

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.690

SUBCHAPTER e

(Source:  Section 504.690 renumbered from section 504.660 and amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC 20 ILLINOIS ADMINISTRATIVE CODE 504

504.700
\PTER e

SUBPART E: CONFINEMENT PROCEDURES -- JUVENI

**Section 504.700 Applicability (Repealed)**

(Source: Repealed at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                504.710
                                                                    SUBCHAPTER e

## Section 504.710 Definitions (Repealed)

(Source: Repealed at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC    20 ILLINOIS ADMINISTRATIVE CODE 504    504.715
CHAPTER e

## Section 504.715  Responsibilities (Repealed)

(Source:  Repealed at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                20 ILLINOIS ADMINISTRATIVE CODE 504           504.720

SUBCHAPTER e

## Section 504.720  Placement in Confinement (Repealed)

(Source:  Repealed at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                  20 ILLINOIS ADMINISTRATIVE CODE 504            504.730
                                                                    CHAPTER e

## Section 504.730  Confinement Procedures (Repealed)

(Source:  Repealed at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.800
                                                                            SUBCHAPTER e

## SUBPART F: GRIEVANCE PROCEDURES FOR OFFENDERS

### Section 504.800 Applicability

This Subpart applies to offenders assigned to correctional facilities within the Department of Corrections.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.802  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department.

"Facility ADA Coordinator" means the person or persons designated by the Chief Administrative Officer to coordinate efforts of the facility in carrying out its responsibilities under Title II of the Americans With Disabilities Act of 1990 (42 USC 12101 et seq.).

"Offender" means a person committed to the Department or to the custody of the Department.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504          504.805

SUBCHAPTER e

# Section 504.805  Responsibilities

a)    Unless otherwise specified, the Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)    No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director or Chief Administrative Officer shall personally perform the duties.  However, the Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.810
                                                                    SUBCHAPTER e

## Section 504.810  Filing of Grievances

a)      An offender may file a written grievance on a grievance form that shall be made available in all living units.  Grievances shall be addressed to his or her institutional counselor; however, complaints concerning discipline or sexual abuse shall be sent by the offender directly to the Grievance Officer.  A grievance must be filed with the counselor or Grievance Officer in accordance with the procedures in this Subpart, within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance.  However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered.  Grievances related to allegations of sexual abuse shall not be subject to any filing time limit.

b)      The grievance procedure shall not be utilized for complaints regarding decisions that have been rendered by the Director, such as, but not limited to, facility placement, awards of supplemental sentence credit or transfer denials, or decisions that are outside the authority of the Department, such as parole decisions, clemency or orders regarding length of sentence.

c)      The original grievance form shall be deposited in the living unit mailbox or other designated repository.  The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint.  This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

d)      ~~Staff assistance shall be available as requested by those offenders who cannot~~ prepare their grievances unaided as determined by institutional staff.

   1)      All offenders shall be entitled to file grievances regardless of their disciplinary status or classification.

   2)      Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to offenders who are impaired, disabled or unable to communicate in the English language.

   3)      If staff assistance writing the grievance form is provided, the name of the individual providing the assistance shall be documented on the form.

e)      Offenders shall be informed of the grievance procedure at the admitting facility and may request further information regarding the procedure from their counselors.

DOC                    20 ILLINOIS ADMINISTRATIVE CODE 504                    504.810

SUBCHAPTER e

1)    The written procedure shall be available to all offenders.

2)    An offender unable to speak or read the English language may request that the procedure be explained in the individual's own language.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC   20 ILLINOIS ADMINISTRATIVE CODE 504   504.830   SUBCHAPTER e

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

# Joint Committee on Administrative Rules
# ADMINISTRATIVE CODE

## TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT
## CHAPTER I: DEPARTMENT OF CORRECTIONS
## SUBCHAPTER e: OPERATIONS
## PART 504 DISCIPLINE AND GRIEVANCES
## SECTION 504.840 EMERGENCY PROCEDURES

## Section 504.840  Emergency Procedures

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

a)   If there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.

b)   If the Chief Administrative Officer determines that the grievance shall be handled on an emergency basis, he or she shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

c)   If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

### TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT
### CHAPTER I: DEPARTMENT OF CORRECTIONS
### SUBCHAPTER e: OPERATIONS
### PART 504 DISCIPLINE AND GRIEVANCES
### SECTION 504.850 APPEALS

## Section 504.850  Appeals

a)    If, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision.  Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

b)    An Administrative Review Board shall be appointed by the Director.

c)    The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances.  Hearings may be conducted in person or via video or telephonic conference. The Board may call witnesses or examine records at its discretion.

d)    The Administrative Review Board shall submit to the Director a written report of its findings and recommendations.

e)    The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances.  The offender shall be sent a copy of the Director's decision.

f)    In those instances in which an offender is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall expedite processing of the grievance.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

DOC       20 ILLINOIS ADMINISTRATIVE CODE 504      504.860

SUBCHAPTER e

## Section 504.860 Records

Records regarding the filing and disposition of grievances shall be maintained in the offender's master file.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.870  Direct Review by Administrative Review Board

a)   Offenders shall submit grievances directly to the Administrative Review Board when grieving:

   1)   Decisions regarding protective custody placement, including continued placement in or release from protective custody.

   2)   Decisions regarding the involuntary administration of psychotropic medication.

   3)   Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.

   4)   Other issues that pertain to a facility other than the facility where the offender is currently assigned, excluding personal property and medical issues.

b)   The Administrative Review Board shall review and process the grievance in accordance with Section 504.850.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

EXHIBIT 7

## MENARD CORRECTIONAL CENTER
## RESTRICTIVE HOUSING SURVEY

### ABOUT THIS SURVEY

The MacArthur Justice Center (MJC) is investigating restrictive housing conditions at Menard Correctional Center. By filling out this survey, you can help to provide more information about life inside Menard in restrictive housing (sometimes also called disciplinary segregation or administrative detention).

MJC does not currently have a case pending against Menard. But if you are submitting your answer in an attempt to obtain legal advice or representation, then we believe the law is clear that your answers are confidential, and we will oppose any efforts by the Department of Corrections to obtain a copy of your response.

If you believe you have an individual lawsuit, you should NOT delay filing it. There are deadlines for such cases, and you should not miss one because of our investigation.

Please return your completed survey to:
**MacArthur Justice Center**
**160 E. Grand Ave., 6ᵗʰ Floor, Chicago, IL 60611**

*The MacArthur Justice Center represents people who have been harmed by the criminal legal system and fight to protect your rights, hold people with power accountable, and transform the system.*

### SURVEY

Name: MARCELLUS A. FRENCH SR.    IDOC Number: N21061

**Before you start, please check one of these boxes to let us why you are completing this survey:**

[✓] I want to be considered for legal representation or I want legal advice about my situation.
[ ] I am only providing information (**your answers may not be confidential if you check this box**)

1. When did you arrive at Menard? January early of 2015

2. What unit are you currently housed in? Segregation "North Two"

3. How long have you been housed there? 41 Days

4. Are you currently in restrictive housing/segregation? If so, what status are you on?
   Yes and I am on personal status, disciplinary status....

5. Please list any other time periods that you've been in restrictive housing/segregation:
   2016 (6 Months) (temporary) - April - August
   2017 (3 Months) September - December
   2023 (4½ Months) April - September
   2024 (3 Months) July - October

12. How big is your cell? Please describe your ability to move around it.

MY CELL IS SO SMALL MY ARM TOUCHES THE WALL AND THE OTHER ARM TOUCHES MY BED FRAME. NO SPACE FOR WALKING, STRETCHING, OR EXERCISING.

13. What is in the cell? Please describe any furniture.

A BUNK BED, A DESK, A SINK AND A TOILET A SMALL SPACE LIKE 7 FEET THAT ALLOWS ONE TO GET TO THE BED, DOOR OR TOILET.

14. What kind of cell door do you have? Please describe it.

BARS, THE WHOLE DOOR IS BARS!

15. Are you able to communicate with other people while in your cell? How?

YES, BUT ITS NOT SAFE TO, PEOPLE THROW FECES AND URINE ON PEOPLE.

16. Are you able to send electronic messages via the kiosk while in restrictive housing/segregation? How often?

YES, ONLY IF YOU GO ON VIDEO VISITS THROUGH.

17. Are you allowed to keep your personal items in your cell in restrictive housing/segregation? If so, which ones?

I WAS ONLY GIVEN LEGAL MATERIAL AFTER I GRIEVANCED THE RIGHT I HAVE WHEN IT COMES TO ACCESS TO THE COURTS! I WAS DENIED EVERYTHING ELSE.

a. Were you ever denied personal items? If yes, please describe the reasons why, and if/when your items were returned.

YES, EDUCATIONAL BOOKS, ACTUAL COURSE WORK, CERTAIN BOOKS WERE NOT RETURNED (BLACKSTONE CAREER INSTITUTE PARALEGAL BOOKS) ALSO I WAS DENIED MY RELIGIOUS STUDIES I AM A STUDENT OF THE TAYBA FOUNDATION STUDYING TO RECIEVE A DEGREE IN ISLAMIC SCIENCE. I GREIVANCED THESE ISSUES, NO CHANGE IN CONDUCT.

18. Have you had your yard or gym privileges taken away as a form of discipline while in segregation? If yes, please tell us what led to your yard/gym privileges being taken away and how long your yard/gym privileges were taken away.

NO, THEY MENARD C.C. ARE NOT RUNNING YARD OR GYM ANYWAY SO YOU CANNOT TAKE AWAY PRIVILEGES THAT ARE ALREADY NOT BEING GIVEN.

19. Have you ever had other out-of-cell privileges taken away as a form of discipline while in segregation? If yes, please tell us what led to your out-of-cell privileges being taken away and how long your out-of-cell privileges were taken away.

YES, VIDEO VISITS ARE ONE OF THE ONLY WAYS TO RECIEVE OUT-OF-CELL TIME AND IF PLACED ON C-GRADE YOU LOSE THAT PRIVILEGE LAST TIME I LOST 6 MONTHS WITHOUT VIDEO VISIT.

13. What are the top three (3) most serious issues with the conditions in restrictive housing/segregation at Menard?

- NO RECREATION WHAT-S0-EVER INDOOR/OUTDOOR
- NO ADEQUATE MEDICAL REQUEST FOR TREATMENT

1) NO RECREATION WHAT-SO-EVER

2) NO ADEQUATE MEDICAL REQUEST FOR TREATMENT.

3) NO PROPER SANITATION OF THE LIVING QUARTERS. (SHOWERS, CELLS AND GALLERY(S))

14. Have you ever filed a grievance about restrictive housing/segregation conditions at Menard?
   [ ] No
   [✓] Yes, explain

   I HAVE A PENDING SUIT AGAINST MENARD VIOLATING MY 8TH AMENDMENT RIGHT (FRENCH V. WILLS ET. AL., No. 3:23-CV-2948 DWD

15. Do you have access to grievance forms at Menard?
   [✓] Yes
   [ ] No, explain

   BUT ITS LIMITED THE SENTENCES SAY THAT "MENARD" ARE OUT OF GRIEVANCES WHEN SITUATIONS OCCUR

16. If you have filed a grievance about restrictive housing/segregation conditions at Menard, have you exhausted the grievance process?
   [ ] No
   [✓] Yes, date

   I HAVE MULTIPLE GRIEVANCES THAT HAVE BEEN EXHAUSTED COMPLETED REGARDING CONDITIONS OF SEG, FROM 2023 AND 2024.

14.    Are you receiving mental health treatment?

[√] No
[ ] Yes

17. Do you receive medical treatment?

[√] No
[√] Yes    I CHECKED BOTH BECAUSE I'VE RECIEVED MEDICAL FOR CERTAIN IN.JURIES, CERTAIN IN.JURIES I HAVE NOT RECIEVED TREATMENT.

18. Have you heard the term "pink tag" before? If so, please describe your understanding of pink tag.

PINK TAG IS A TACTIC OR EXPRESSION MENARD USES TO EXCLUDE YOU FROM CERTAIN ACTIVITIES WHILE IN SEG, BUT MENARD HAS CANCELLED ALL ACTIVITIES ANYWAY!

19. To your knowledge, are you currently on pink tag status?    NO

a.    If yes, do you know why you are on pink tag status? Please list all reasons.

N/A

b.    Do you know when you will be taken off pink tag status?

N/A

20. If you have ever been on pink tag status, did you have privileges or out-of-cell time taken away as a result? If so, which privileges?

SHOWERS, YARD, PROPERTY — EVERYTHING IS DENIED ON PINK TAG, ALL PRIVILEGES ARE REVOKED!

-7-

21. If you have ever been on pink tag status how did you find out you were on pink tag? Were you given an opportunity to speak to someone or object to being placed on pink tag status?

I FILED A GRIEVANCE ON HOW I WAS BEING TREATED AND THE COUNSEL RESPONDED YOU ARE ON "PINK TAG," STATUS.

22. Is there anyone else you think we should speak to about restrictive housing at Menard? Please include their full names and IDOC numbers.

I'VE INCLUDED A SEPERATE PIECE OF PAPER A LETTER WITH 23 INDIVIDUALS NAME AND ID #'s (INCLUDING MYSELF) WHO ARE ALL CURRENTLY IN SEGREGATION RIGHT NOW!

23. Are there any other conditions or issues with restrictive housing/ segregation at Menard that you think we should know?

YES, NO VENTILATION, 2ND HAND SMOKE HAZARDS, NO AIR CONDITIONING IN RECORD HEAT, ACCESS TO COMMUNICATE WITH FAMILY, LOVE ONES, AND LEGAL SITUATIONS, ETC....

**THANK YOU!**

PLEASE GIVE ME A LEGAL CALL SO WE CAN DISCUSS IN DEPTH. TAKE CARE!

-8-

EXHIBIT 8

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:    Alarez, Lonenzo                                    8/6/24
                                                    _____
ID# :    M16839                                            Date

Facility:    Menard C.C.

This is in response to your grievance received on 7/17/24 _____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 1/5/24    Grievance Number: K4-0124-0178    Griev Loc: Menard C.C.

☐    Medical _____

☐    Dietary _____

☐    Personal Property _____

☑    Mailroom/Publications    sent request for video footage from 11/21/23 to 12/15/23

☑    Staff Conduct _____ I.A. at Menard C.C., 12/21/23

☐    Commissary / Trust Fund _____

☐    Conditions (cell conditions, cleaning supplies, etc.) _____

☐    Disciplinary Report: Dated: _____ Incident # _____

☐    Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐    Affirmed

_____

☐    Denied, in accordance with DR504F, this is an administrative decision.

☐    Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐    Denied as the facility is following the procedures outlined in DR525.

☐    Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐    Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☑    Other:    Resolved. There is a current open investigation into this matter.

_____

FOR THE BOARD: _____        CONCURRED: _____
                    Jon Loftus                                    Latoya Hughes
            Administrative Review Board                            Acting Director

CC:  Warden, Menard C.C. _____ Correctional Center
     Alarez, Lonenzo _____, ID# M16839

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO INDIVIDUAL IN CUSTODY'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

**Date Received:** 03/14/2024    **Date of Review:** 06/03/2024    **Grievance #:** K4-0124-0178

**Individual in Custody Name:** Alvarez, Lorenizo    **ID#:** M16839

**Nature of Grievance:**

Other: Internal Affairs

**Facts Reviewed:**

GRIEVANCE DATED: 1/5/2024- Individual in custody grieves requesting to IA to save the video footage from all points of view for N2 3-33, from November 21, 2023 to December 15, 2023 for litigation purposes."

RELIEF: "Response concerning request for camera footage to be preserved fro litigation purposes at an reasonable time thank you for your assistance."

COUNSELORS RESPONSE: 2/29/2024- Per IA, they attempted to save some video footage but there was too much smoke to see anything.  There is an open investigation and you will receive a response once complete.

GRIEVANCE OFFICE REVIEWED: 7/1/2024-Contacted IA, issue has been referred to IA for further investigation.

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be Resolved. Issue has been referred to IA for further investigation.

J. Mulholland Counselor II Menard Correctional Center

Print Grievance Officer's Name

**Jeff Mulholland** Digitally signed by Jeff Mulholland
Date: 2024.07.01 05:54:43 -05'00'

Grievance Officer's Signature

(Attach a copy of Individual in Custody's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

**Date Received:** 07/01/2024    ☑ I concur    ☐ I do not concur    ☐ Remand

**Action Taken:**

**Kevin Reichert** Digitally signed by Kevin Reichert
Date: 2024.07.09 12:49:20 -05'00'

Chief Administrative Officer's Signature                                    Date

| Individual in Custody's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Individual in Custody's Signature                          ID#                          Date

MEN JAN 09 2024

MEN MAR 14 2024

## CERTIFICATE OF SERVICE

I, _Lorenzo Alvarez_, hereby certify that on _Dec-21 - 2023_, I
    [name]                                       [date]

served copies of _request form in RE: MCC camera footage cont_
                             [name of document]

on the following parties by way of _legal mail_ :
                          [U.S. Mail, UPS, overnight mail, email, fax, courier, etc.]

[List names and address of each attorney/party served]

Teresa McAdams
Attorney
Menard Internal Affairs

Amanda Antholt @ Equip for equality
20 W. michigan Ave, suite 300
Chicago, IL 60602
Uptown People law center
4413 N Sheridan, Chicago. ILC 60640

_Dec-21-2023_                    _Lorenzo Alvarez_
Date                            Signature

MEN   JAN 0  2024

ILLINOIS DEPARTMENT OF CORRECTIONS

MEN   MAR 1  2024

**Offender Request**

Offender Name: _Lorenco Alvarez_  ID #: _14(6(857_ Living Unit: _N-806_

Job Assignment: _____  Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: _Internal Affair Unit_

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) _____

for the purpose of (explain): _____
Please preserve the following cam. footage for litigation purposes
save footage on all points of view from cameras on and Alcuser n 5-35
menard pill center from NEV 21 at 6 30 am to DC 15 at 11:00am which should be ex...
the footage time save for litigation ' Thank you Dec 16-24

_____ Offender's Signature _____ Date _____
Lorenzo Alvarez

DO NOT WRITE BELOW THIS LINE

Remarks by staff (if necessary) : _____  Remarks by supervisor (if necessary) : _____

_____  _____

_____  _____

_____  _____
Print Staff Name                           Print Supervisor Name

_____  _____  _____  _____
Staff Signature          Date      Supervisor Signature        Date

Distribution:   Affected Unit

Printed on Recycled Paper

DOC 0286 (Rev. 4/2010)

N2-8-6

MEN JAN 03 2024
1st Lvl rec

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

MEN MAR 11 2024
2nd Lvl rec:

| Date: Jan-05-24 | Offender (please print): Lorenzo Alvarez | ID #: m16839 | Race (optional): Hispanic |
|---|---|---|---|

| Present Facility: menard CC | Facility where grievance issue occurred: menard C.C |
|---|---|

**Nature of grievance:**

K4-0124-0178

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [X] Mail Handling
- [ ] Dietary
- [X] Other (specify): Internal Affairs

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report ___ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Boa
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
   Chief Administrative Officer, only if EMERGENCY grievance
   Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drug
   issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

On 12-21-23 at/or around 11.00 pm I, Mr Lorenzo Alvarez # m16839, sent offender request along with certificate of service (Both forms attached to this grievance for pertinent documents regarding issue) to internal affairs (menard C.C) to preserve Max pro cameras footage from all points on view on and around N2-333, menard Correctional center on Nov-21, 2023 at 6.30am to Dec.15 2023 at 11.00pm specifically stated for "litigation purposes". It is now Jan 5 2024

[X] Continued on reve

**Relief Requested:**

Response concerning request for camera footage to be preserved for litigation purposes at an reasonable time. Thank you for your assistance.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [X] Check if this is NOT an emergency grievance

*Lorenzo Alvarez* Offender's Signature    m16839 ID#    Jan-05-24 Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: ___    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield IL 62794-9277

Response:

Per IA, they attempted to save some video footage but there was too much smoke to see anything. There is an open investigation and you will receive a response once complete.

J. Cunningham Print Counselor's Name    *[signature]* Sign Counselor's Name    3-5-24 Date

Note to offender: If you disagree with the counselor's response it is your responsibility to forward grievance with counselor's response to the grievance offic

**EMERGENCY REVIEW:**    Date Received ___

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated   Offender should submit this grievance according to standard grievance procedure

___ Chief Administrative Officer's Signature    ___ ___

Assigned Grievance #/Institution _____    Housing Unit _____  . Bed #:

1st Lvl rec. _____    **ILLINOIS DEPARTMENT OF CORRECTIONS**    2nd Lvl rec:
**Offender's Grievance**

and I have yet to receive any indication or response regarding request in question and submit this grievance procedures in good faith to prevent extendia intentionally hindering and/or interference with my rights to exercise my civil liberties and to prepare and pursue litigation methods this grievance involves any and all persons, institutional staff Jane and John Does under direct duties to established policies, procedures, rules and regulation with menard C.C., Illinois department of corrections and/also state and federal laws. Respectfully submitted, Mr. Lorenzo Alvarez

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M16839 | **Counseling Date** | 04/15/24 09:48:47:597 |
| **Offender Name** | ALVAREZ, LORENZO | **Type** | Collateral |
| **Current Admit Date** | 10/12/2010 | **Method** | Grievance |
| **MSR Date** | | **Location** | MEN EAST CELL HOUSE |
| **HSE/GAL/CELL** | E -04-20 | **Staff** | GUETERSLOH, JACOB D., Correctional Officer |

Grievance #K4-0124-0178 is currently pending 2nd level Grievance Officer review. You will receive a response once it is completed.

**Print Date** 4/15/2024

EXHIBIT 9



J.B. Pritzker
Governor

Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name      LORENZO ALVAREZ

7/26/24

ID#      M16839

Date

Facility      MENARD

This is in response to your grievance received on __5/28/24__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 11/21/23    7/4/23    Grievance Number: K4-1223-1831    Griev Loc: MENARD
349-7-23

■ Medical MENTAL HEALTH TREATMENT IN MENARD AFTER TRAUMATIZED.

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

■ Staff Conduct      STAFF MISCONDUCT EXCESSIVE FORCE.

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated _____ Incident # _____

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied, in accordance with DR504F, this is an administrative decision

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

■ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

■ Other: STAFF MISCONDUCT UNABLE TO BE SUBSTANTIATED.

FOR THE BOARD: _____
Ryan Kilduff
Administrative Review Board

CONCURRED: _____
Latoya Hughes
Acting Director

CC:   Warden, MENARD _____ Correctional Center
LORENZO ALVAREZ _____ , ID# M16839

Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc



Instructions for Filing a Pro Se Civil Complaint for
Civil Rights Violations or Other Civil Claims Filed
by a Person in Custody
in the United States District Court
for the Southern District of Illinois

1.    The attached civil complaint form may be used in a civil action (except habeas corpus actions) filed in this district by a person in custody. You may use this form even if your claims are not limited to civil rights or federal tort claims. A different form should be used in habeas corpus actions, including actions brought under 28 U.S.C. §§ 2241, 2254, or 2255 (copies are available from the clerk's office).

2.    Your complaint must be prepared and submitted as set forth in these instructions. The court may dismiss, strike, or order the return of papers that do not comply.

3.    Submit the original complaint and any supporting exhibits for filing (see paragraph 16 below). You are strongly encouraged to keep a copy of all documents you submit for filing. **Any document submitted for filing must be on 8 ½" x 11" paper.** If the judge orders service of process on one or more defendants, the clerk will make copies of your complaint for service on those individuals.

4.    Your complaint may be typed or handwritten. If handwritten, it must be readable. All questions must be answered clearly and completely. It is not necessary to have your complaint notarized, but it must include a declaration under penalty of perjury that the information you provide is true and correct. A deliberate false statement of fact may serve as the basis of summary dismissal of your case or other sanctions. **Your complaint must be signed and dated.**

5.    Confine your answers to the space provided on the <u>front</u> of the page. You may use additional pages (on 8 ½" x 11" paper) if more space is needed. State only when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law.

6.    You must pay a filing fee of $400.00 at the time you file your complaint. If you are unable to prepay the entire filing fee and service costs for your lawsuit, you may seek permission to proceed without prepaying fees or costs by filing a motion to proceed *in forma pauperis*. A form motion is available from the clerk's office. Follow the directions on that form and answer all questions clearly and concisely. You must include a statement of your assets, and you must have an authorized institutional officer complete the certification section on the last page of the form. You must also submit a certified copy of your prison or jail account statement for the last six months. **If you submit an incomplete form or do not submit a statement of assets**

and a prisoner or jail account statement with your form, your request to proceed *in forma pauperis* may be denied.

7.     If your motion to proceed *in forma pauperis* is granted, the court will assess an initial partial filing fee. This initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit , whichever is greater. **These funds will be sent directly to the court from your prison trust account after the court enters its order assessing the initial partial filing fee**, pursuant to 28 U.S.C. § 1915(b)(1). If you are without funds **and** have been without funds for the six months preceding the filing of your complaint, the court will not assess an initial filing fee. Instead, the court will order you to pay the filing fee in installments until the filing fee has been paid, pursuant to 28 U.S.C. § 1915(b)(4).

8.     Whether or not you pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(e)(2), you will owe the full balance of any unpaid filing fee, **even if your case is subsequently dismissed voluntarily or because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief**. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The institution that has custody of you will collect that money and send payments to the court any time the amount in your account exceeds $10.00, pursuant to 28 U.S.C. § 1915(b)(2). **You should carefully consider this information before you decide to file a civil action in federal court.**

9.     If, at any time during your current or previous imprisonment or detention, you have had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted, then, while you are a prisoner, you will be prohibited from bringing any additional claims, actions, or appeals *in forma pauperis* unless you are in <u>imminent</u> danger of serious physical injury at the time you file your claim, action, or appeal. *See* 28 U.S.C. § 1915(g).

10.    You are required to disclose any other lawsuits you filed while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law. You are required to disclose your litigation history, including "strikes," regardless of the form you use to prepare your complaint.  <u>FAILURE TO DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.</u>

11.    After the complaint is filed, the original of any motion, pleading, or other paper submitted for consideration by the court should be filed with the clerk. You must

Page 2 of 4

also mail a copy of that document to all other parties, or if they have counsel, to that attorney. When you file your paper with the clerk, you must include a **Certificate of Service**, using the format shown below. Any pleading or other document received by the court that fails to include a certificate of service may be disregarded. Note, however, that some prison facilities participate in an electronic filing program. **In general, you are not required to mail copies of documents to parties if your facility participates in an electronic filing program, because parties who participate in electronic filing will receive the document electronically.** And, pursuant to General Order No. 2012-1, the clerk will mail a copy of electronically filed documents to any party who does not receive the document electronically. You may, however, be required to mail copies of a proposed document, such as a proposed amendment to a pleading. Additional information about electronic filing (and General Order No. 2012-1) is available through prison library staff.

---

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this _____ was mailed/delivered
(Name of Document)

to _____ on _____.
(Name and Address of Party/Attorney)          (Date)

_____
Signature

_____
Printed Name

---

12.     Do not write letters to the court regarding your case. Such contact is improper. If you wish to provide information or ask the court to do something, you must file a motion with the clerk.

13.     You are responsible for learning and following the procedures that govern the court process. The district judges, magistrate judges, clerk of court, and their staff are forbidden as a matter of law from providing legal advice. Legal advice should be sought from an attorney or legal clinic.

Page 3 of 4

14.    You have a continuing obligation to keep the Court and each opposing party informed of any change in your address.   The Court will not independently investigate your whereabouts.   You must notify the Court in writing of your new address within 7 days after a transfer or other change in address occurs.   Failure to do so may result in dismissal of your case.

15.    Self-representation carries certain responsibilities and risks that a *pro se* litigant should know before proceeding. The court encourages all individuals who are thinking about self-representation to carefully review the risks associated with self-representation and to be aware of the potential consequences. Rule 11 of the Federal Rules of Civil Procedure prohibits the filing of lawsuits that are clearly frivolous or filed merely to harass someone. If, after reviewing your complaint, a judge determines that you have filed a lawsuit for an improper or clearly unnecessary purpose, it may impose sanctions against you, including ordering you to pay a fine to the court or to pay the legal fees of the person or persons against whom you filed the lawsuit. The court has a form motion with which you may request appointment of counsel. If you wish to file such a motion, you may request the appropriate form from the clerk's office. Ordinarily, the court will not consider your motion until **after** you have filed your complaint and permission to proceed without prepaying fees or costs has been granted. Bear in mind that there is no right to counsel in a civil case, and motions to appoint counsel are not automatically granted.

16.    When your complaint is complete, submit it to prison library staff (if you are at an institution that participates in the electronic filing program) or mail the original and any supporting exhibits (and an extra copy if you want a file-stamped copy returned to you), along with the $400.00 filing fee or a motion to proceed *in forma pauperis*, to either:

**Clerk of the Court**
**United States District Court**
**Southern District of Illinois**
**301 West Main Street**
**Benton, IL 62812**

**Clerk of the Court**
**United States District Court**
**Southern District of Illinois**
**750 Missouri Avenue**
**East St. Louis, IL 62201**

Page 4 of 4

Instructions for Filing a Pro Se Civil Complaint for
Civil Rights Violations or Other Civil Claims Filed
by a Person in Custody
in the United States District Court
for the Southern District of Illinois

1.     The attached civil complaint form may be used in a civil action (except habeas corpus actions) filed in this district by a person in custody. You may use this form even if your claims are not limited to civil rights or federal tort claims. A different form should be used in habeas corpus actions, including actions brought under 28 U.S.C. §§ 2241, 2254, or 2255 (copies are available from the clerk's office).

2.     Your complaint must be prepared and submitted as set forth in these instructions. The court may dismiss, strike, or order the return of papers that do not comply.

3.     Submit the original complaint and any supporting exhibits for filing (see paragraph 16 below). You are strongly encouraged to keep a copy of all documents you submit for filing. **Any document submitted for filing must be on 8 ½" x 11" paper.** If the judge orders service of process on one or more defendants, the clerk will make copies of your complaint for service on those individuals.

4.     Your complaint may be typed or handwritten. If handwritten, it must be readable. All questions must be answered clearly and completely. It is not necessary to have your complaint notarized, but it must include a declaration under penalty of perjury that the information you provide is true and correct. A deliberate false statement of fact may serve as the basis of summary dismissal of your case or other sanctions. **Your complaint must be signed and dated.**

5.     Confine your answers to the space provided on the <u>front</u> of the page. You may use additional pages (on 8 ½" x 11" paper) if more space is needed. State only when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law.

6.     You must pay a filing fee of $400.00 at the time you file your complaint. If you are unable to prepay the entire filing fee and service costs for your lawsuit, you may seek permission to proceed without prepaying fees or costs by filing a motion to proceed *in forma pauperis*. A form motion is available from the clerk's office. Follow the directions on that form and answer all questions clearly and concisely. You must include a statement of your assets, and you must have an authorized institutional officer complete the certification section on the last page of the form. You must also submit a certified copy of your prison or jail account statement for the last six months. **If you submit an incomplete form or do not submit a statement of assets**

Page 1 of 4

and a prisoner or jail account statement with your form, your request to proceed *in forma pauperis* may be denied.

7. If your motion to proceed *in forma pauperis* is granted, the court will assess an initial partial filing fee. This initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit , whichever is greater. **These funds will be sent directly to the court from your prison trust account after the court enters its order assessing the initial partial filing fee**, pursuant to 28 U.S.C. § 1915(b)(1). If you are without funds and have been without funds for the six months preceding the filing of your complaint, the court will not assess an initial filing fee. Instead, the court will order you to pay the filing fee in installments until the filing fee has been paid, pursuant to 28 U.S.C. § 1915(b)(4).

8. Whether or not you pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(e)(2), you will owe the full balance of any unpaid filing fee, **even if your case is subsequently dismissed voluntarily or because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief**. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The institution that has custody of you will collect that money and send payments to the court any time the amount in your account exceeds $10.00, pursuant to 28 U.S.C. § 1915(b)(2). **You should carefully consider this information before you decide to file a civil action in federal court.**

9. If, at any time during your current or previous imprisonment or detention, you have had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted, then, while you are a prisoner, you will be prohibited from bringing any additional claims, actions, or appeals *in forma pauperis* unless you are in imminent danger of serious physical injury at the time you file your claim, action, or appeal. *See* 28 U.S.C. § 1915(g).

10. You are required to disclose any other lawsuits you filed while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law. You are required to disclose your litigation history, including "strikes," regardless of the form you use to prepare your complaint. FAILURE TO DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

11. After the complaint is filed, the original of any motion, pleading, or other paper submitted for consideration by the court should be filed with the clerk. You must

Page 2 of 4

also mail a copy of that document to all other parties, or if they have counsel, to that attorney. When you file your paper with the clerk, you must include a **Certificate of Service**, using the format shown below. Any pleading or other document received by the court that fails to include a certificate of service may be disregarded. Note, however, that some prison facilities participate in an electronic filing program. **In general, you are not required to mail copies of documents to parties if your facility participates in an electronic filing program, because parties who participate in electronic filing will receive the document electronically.** And, pursuant to General Order No. 2012-1, the clerk will mail a copy of electronically filed documents to any party who does not receive the document electronically. You may, however, be required to mail copies of a proposed document, such as a proposed amendment to a pleading. Additional information about electronic filing (and General Order No. 2012-1) is available through prison library staff.

---

### <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this _____ was mailed/delivered
(Name of Document)

to _____ on _____ .
(Name and Address of Party/Attorney)                (Date)


_____
Signature


_____
Printed Name

---

12.  Do not write letters to the court regarding your case. Such contact is improper. If you wish to provide information or ask the court to do something, you must file a motion with the clerk.

13.  You are responsible for learning and following the procedures that govern the court process. The district judges, magistrate judges, clerk of court, and their staff are forbidden as a matter of law from providing legal advice. Legal advice should be sought from an attorney or legal clinic.

14. You have a continuing obligation to keep the Court and each opposing party informed of any change in your address. The Court will not independently investigate your whereabouts. You must notify the Court in writing of your new address within 7 days after a transfer or other change in address occurs. Failure to do so may result in dismissal of your case.

15. Self-representation carries certain responsibilities and risks that a *pro se* litigant should know before proceeding. The court encourages all individuals who are thinking about self-representation to carefully review the risks associated with self-representation and to be aware of the potential consequences. Rule 11 of the Federal Rules of Civil Procedure prohibits the filing of lawsuits that are clearly frivolous or filed merely to harass someone. If, after reviewing your complaint, a judge determines that you have filed a lawsuit for an improper or clearly unnecessary purpose, it may impose sanctions against you, including ordering you to pay a fine to the court or to pay the legal fees of the person or persons against whom you filed the lawsuit. The court has a form motion with which you may request appointment of counsel. If you wish to file such a motion, you may request the appropriate form from the clerk's office. Ordinarily, the court will not consider your motion until after you have filed your complaint and permission to proceed without prepaying fees or costs has been granted. Bear in mind that there is no right to counsel in a civil case, and motions to appoint counsel are not automatically granted.

16. When your complaint is complete, submit it to prison library staff (if you are at an institution that participates in the electronic filing program) or mail the original and any supporting exhibits (and an extra copy if you want a file-stamped copy returned to you), along with the $400.00 filing fee or a motion to proceed *in forma pauperis*, to either:

**Clerk of the Court**
**United States District Court**
**Southern District of Illinois**
**301 West Main Street**
**Benton, IL 62812**

**Clerk of the Court**
**United States District Court**
**Southern District of Illinois**
**750 Missouri Avenue**
**East St. Louis, IL 62201**

Page 4 of 4

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

```
                              )
                              )
                              )
                              )          United States Court
v.                            )          of Appeals for the
                              )          Seventh Circuit
                              )          APPEAL NO._____
                              )
                              )
```

## PETITION FOR LEAVE TO FILE AND PROCEED ON APPEAL
## IN FORMA PAUPERIS

I, _____
plaintiff/petitioner do hereby move this Court for leave to file the above entitled cause in forma pauperis; said motion is supported by the attached affidavit of financial status.

_____
**Plaintiff/Petitioner**

File this completed form with the:

United States Court of Appeals
219 S. Dearborn Street, Suite 2722
Chicago, IL  60604
ATTN:  PRISONER/PRO SE CLERK

Revised 5/20/99

1

**AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

United States Court of Appeals
for the Seventh Circuit

|  |  |
|---|---|
| _____ | ) Appeal from the United States District Court for the |
|  | ) _____ District of _____ |
|  | ) |
| v.    Case No. _____ | ) District Court No. _____ |
|  | ) |
|  | ) District Court Judge _____ |
| _____ | ) |

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: _____

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: _____

My issues on appeal are:



1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
|  | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): _____ | $ | $ | $ | $ |
| Total monthly income: | $ | $ | $ | $ |

2

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. How much cash do you and your spouse have? $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

*If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| | | Make & year: _____ |
| | | Model: _____ |
| | | Registration # _____ |

| Motor Vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: _____ | | |
| Model: _____ | | |
| Registration # _____ | | |

3

6. State every person, business or organization owing you or your spouse money and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | | |
| | | |
| | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) Are real estate taxes included? [ ] Yes [ ] No Is property insurance included? [ ] Yes [ ] No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle expenses | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) Homeowner's or renter's | $ | $ |

4

| | | |
|---|---|---|
| Life | $_____ | $_____ |
| Health | $_____ | $_____ |
| Motor vehicle | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $_____ | $_____ |
| Installment payments | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Credit card (name): _____ | $_____ | $_____ |
| Department store (name): _____ | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |
| Alimony, maintenance, and support paid to others | $_____ | $_____ |
| Regular expenses for operation of business, profession, or farm (attach detail) | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ |
| Total monthly expenses: | $_____ | $_____ |

**9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?**

[   ] Yes [   ] No  If yes, describe on an attached sheet.

**10. Have you paid-or will you be paying-an attorney any money for services in connection with this case, including the completion of this form?**

[   ] Yes [   ] No  If yes, how much? $_____

If yes, state the attorney's name, address, and telephone number:

_____

_____

_____

5

11. Have you paid or will you be paying anyone other than an attorney (such as a paralegal or typist) any money for services in connection with this case, including the completion of this form?

[  ] Yes [  ] No  If yes, how much? $_____

If yes, state the person's name, address, and telephone number:

_____

_____

_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

13. State the address of your legal residence.

_____

_____

_____

Your daytime phone number: (____) _____

Your age:_____ Your years of schooling:_____

Your social-security number: _____

## CERTIFICATE

TO BE COMPLETED FOR PRISONERS ONLY.  THIS IS A STATEMENT BY THE PRISON AND NOT THE PRISONER

   I hereby certify that the plaintiff or petitioner in this action has the sum of $_____ in his trust fund account at this correctional center where he is confined.

   I further certify that the plaintiff or petitioner has the following securities to his credit according to the records of this institution:

_____

_____

_____


_____
Authorized officer


_____
Institution


_____
Title


_____
Date


IMPORTANT:

   THIS CERTIFICATE MUST BE ACCOMPANIED BY A COPY OF A SIX MONTH LEDGER

   OF THE PLAINTIFF'S TRUST FUND ACCOUNT.

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

v.

)
)
)
)
)
)
)
)

United States Court
of Appeals for the
Seventh Circuit
APPEAL NO._____

## PETITION FOR LEAVE TO FILE AND PROCEED ON APPEAL IN FORMA PAUPERIS

I, _____
plaintiff/petitioner do hereby move this Court for leave to file the above entitled cause in forma
pauperis; said motion is supported by the attached affidavit of financial status.

_____
**Plaintiff/Petitioner**

File this completed form with the:

United States Court of Appeals
219 S. Dearborn Street, Suite 2722
Chicago, IL 60604
ATTN: PRISONER/PRO SE CLERK

Revised 5/20/99

1

**AFFIDAVIT ACCOMPANYING MOTION FOR
PERMISSION TO APPEAL IN FORMA PAUPERIS**
United States Court of Appeals
for the Seventh Circuit

_____

v.    Case No. _____

_____

)  Appeal from the United States District Court for the
)  _____ District of _____
)
)
)  District Court No. _____
)
)  District Court Judge _____
)

### Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed:_____

### Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date:_____

My issues on appeal are:



1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify):_____ | $ | $ | $ | $ |
| **Total monthly income:** | $ | $ | $ | $ |

2

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. How much cash do you and your spouse have? $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

*If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| | | Make & year: _____ |
| | | Model: _____ |
| | | Registration # _____ |

| Motor Vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: _____ | | |
| Model: _____ | | |
| Registration # _____ | | |

3

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your spouse |
| --- | --- | --- |
| Rent or home-mortgage payment (including lot rented for mobile home) Are real estate taxes included? [   ] Yes [   ]No Is property insurance included? [   ] Yes [   ]No | $ _____ | $ _____ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ _____ | $ _____ |
| Home maintenance (repairs and upkeep) | $ _____ | $ _____ |
| Food | $ _____ | $ _____ |
| Clothing | $ _____ | $ _____ |
| Laundry and dry-cleaning | $ _____ | $ _____ |
| Medical and dental expenses | $ _____ | $ _____ |
| Transportation (not including motor vehicle expenses | $ _____ | $ _____ |
| Recreation, entertainment, newspapers, magazines, etc. | $ _____ | $ _____ |
| Insurance (not deducted from wages or included in mortgage payments) Homeowner's or renter's | $ _____ | $ _____ |

Life                                                           $_____    $_____

Health                                                        $_____    $_____

Motor vehicle                                                 $_____    $_____

Other: _____        $_____    $_____

Taxes (not deducted from wages or included in mortgage payments)    $_____    $_____
(specify):

Installment payments                                          $_____    $_____

Motor Vehicle                                                 $_____    $_____

Credit card (name): _____    $_____    $_____

Department store (name): _____    $_____    $_____

Other: _____        $_____    $_____

Alimony, maintenance, and support paid to others             $_____    $_____

Regular expenses for operation of business, profession, or farm (attach    $_____    $_____
detail)

Other (specify): _____    $_____    $_____

Total monthly expenses:    $_____    $_____

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

[   ] Yes [   ] No  If yes, describe on an attached sheet.

10. Have you paid—or will you be paying—an attorney any money for services in connection with this case, including the completion of this form?

[   ] Yes [   ] No  If yes, how much? $_____

If yes, state the attorney's name, address, and telephone number:

_____

_____

_____

11. Have you paid or will you be paying anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

[   ] Yes [   ] No  If yes, how much? $_____

If yes, state the person's name, address, and telephone number:

_____

_____

_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.




13. State the address of your legal residence.

_____

_____

_____

Your daytime phone number: (____)  _____

Your age:_____ Your years of schooling:_____

Your social-security number: _____

## CERTIFICATE

TO BE COMPLETED FOR PRISONERS ONLY.  THIS IS A STATEMENT BY THE PRISON AND NOT THE PRISONER

I hereby certify that the plaintiff or petitioner in this action has the sum of $_____ in his trust fund account at this correctional center where he is confined.

I further certify that the plaintiff or petitioner has the following securities to his credit according to the records of this institution:

_____

_____

_____

_____
Authorized officer

_____
Institution

_____
Title

_____
Date

IMPORTANT:

THIS CERTIFICATE MUST BE ACCOMPANIED BY A COPY OF A SIX MONTH LEDGER OF THE PLAINTIFF'S TRUST FUND ACCOUNT.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Lorenzo, Alvarez
Name

M1b839
ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.   Is this a new civil rights complaint or habeas corpus petition?        Yes or (No)

     If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.   Is this an Amended Complaint or an Amended Habeas Petition?        Yes or (No)

          If yes, please list case number: _____

          If yes, but you do not know the case number mark here: _____

3.   Should this document be filed in a pending case?        (Yes) or No

          If yes, please list case number: _____

          If yes, but you do not know the case number mark here: _____

4.   Please list the total number of pages being transmitted:        153

5.   If multiple documents, please identify each document and the number of pages for each document. For example:  Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

Name of Document                                    Number of Pages

Civil Rights Complaint                              153

_____                    _____

_____                    _____

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.