IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO ALVAREZ, M16839, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-2568-DWD |
| | ) |
| ANTHONY WILLS, | ) |
| KEVIN REICHERT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Lorenzo Alvarez brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center (Menard). Plaintiff alleges the defendants are responsible for unconstitutional conditions of confinement that he endured in segregation. Wills and Reichert moved for summary judgment on Plaintiff's alleged failure to exhaust his administrative remedies (Doc. 20), Plaintiff responded (Doc. 26), the Court granted the motion in part and denied the motion in part on paper (Doc. 28), and on February 18, 2026, the Court conducted an evidentiary hearing on the issue of exhaustion. For reasons explained in this Order, the Court finds that Plaintiff exhausted his administrative remedies, so he may now proceed against Defendants Reichert and Wills on his claims concerning the lack of showers and recreation he endured while in segregation.

## BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint on December 5, 2024. (Doc. 1). Plaintiff alleged from June of 2023 through March of 2024 he was housed in segregation where he was subjected to multiple inhumane conditions of confinement. He claims he went 300 days without recreation, and he went long stretches (as much as 168 hours) without access to showers.

The Court allowed Plaintiff to proceed on the following claim:

**Claim 1:** Eighth Amendment conditions of confinement claim against Defendants Wills and Reichert.

(Doc. 12).

The Court determined based on the written summary judgment pleadings that Plaintiff did not exhaust the aspect of his claim about cleaning supplies, he fully exhausted the aspect about lack of recreation, and he had potentially exhausted the claim about access to showers. Plaintiff's use of the grievance process for the access to showers issue was the sole focus of the February 18th evidentiary hearing. The parties agree that Plaintiff's grievance K4-0124-0306 was directly relevant to the shower issue. The documentary records submitted prior to the evidentiary hearing demonstrated that the grievance was processed via the counselor, the grievance officer, and the Warden at the prison level. (Doc. 20-5 at 21-22). The sole dispute for the hearing was whether Plaintiff appealed this grievance to the Administrative Review Board (ARB).

### FINDINGS OF FACT

At the hearing, Plaintiff clearly and succinctly described the requirements of the IDOC grievance process. He indicated that he completed all levels of review at the prison, and that he then transmitted grievance K4-0124-0306 to the ARB for final consideration. He transmitted his appeal by using a pre-paid envelope that he purchased on commissary. He placed the envelope in his cell bars for collection by an officer. He believed at the relevant time, his five-day officers were Howell and Adkins, who would have collected mail such as his appeal for transmission.

Lance Phelps, a grievance officer at Menard, testified that if an inmate wishes to appeal to the ARB, he should place the appeal in his cell bars for collection. Staff collect mail to be sent via institutional mail and via the United States Postal Service (USPS), and they sort it for transmission. Grievance appeals must be sent to the ARB via USPS.

Ryan Nothnagle, an ARB chairperson, testified that grievance appeals are received at his office in Springfield, Illinois, via USPS mail. He testified that records he reviewed did not reflect that an appeal of grievance K4-0124-0306 was ever received by the ARB. He also had no record of correspondence about the status of that grievance.

### CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving part." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).

Historically speaking, courts in the Seventh Circuit have resolved the issue of exhaustion of administrative remedies on paper, or after an evidentiary hearing if there is a genuine dispute of fact. *See e.g.*, *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) ("In this circuit, we have determined that disputed factual questions that bear on exhaustion can be resolved by a district court judge (rather than a jury) as a preliminary matter, in what is known as a *Pavey* hearing."). In *Perttu v. Richards*, 145 S.Ct. 1793, 1800 (June 18, 2025), the Supreme Court held that an inmate is entitled "to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment."[1]

For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. However, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from

---

[1] In this case, *Perttu* does not apply because there is no intertwinement between the exhaustion issues and the merits of the underlying claim.

exhausting," then the grievance procedure becomes unavailable. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (finding that an inmate who placed a timely ARB appeal in his chuckhole for mailing, but whose grievance was apparently lost, did all that he could to follow exhaustion procedures).

As an inmate in the Illinois Department of Corrections (IDOC), Plaintiff must follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor within 60 days of an event, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. If an inmate is unsatisfied with the outcome at the facility he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a).

B. Analysis

Defendants established that the grievance process was generally available, but they did not credibly establish that Plaintiff actually failed to properly transmit his appeal to the ARB. Both Plaintiff and Officer Phelps testified that an inmate lodges a grievance appeal by placing his appeal in his cell bars for transmission to the ARB via USPS. Plaintiff testified that he followed this exact process to appeal grievance K4-0124-0306, but he never got an acknowledgment of his appeal by the ARB, nor did he get a response to the appeal. Plaintiff's situation is on all fours with *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). In *Dole* an inmate placed a grievance meant for transmission to the ARB in his cell bars at Menard, but it was never received, the prison had no receipt system for prisoner mail, and there was no guidance as to if plaintiff could do anything further to

exhaust when his appeal turned up missing months later. *Id.* at 810-11.  The *Dole* Court indicated the outcome might have been different if "the ARB had given Dole instructions on how to proceed and Dole had ignored or improperly followed those instructions," but as with *Dole,* the Plaintiff in this case had no guidance about what to do if an ARB appeal was lost or went unanswered.  The Defendants did not offer any evidence with their original written motion or at the hearing that suggested there is some sort of receipt system or formal way that Plaintiff could have received an update on grievance K4-0124-0306 after he placed it in the bars for mailing.  Thus, the Court concludes that like Dole, Plaintiff did all that he could to properly exhaust grievance K4-0124-0306.

## Disposition

Plaintiff credibly testified that he appealed grievance K4-0124-0306 to the ARB, and Defendants failed to tender any evidence to the contrary.  This case will now proceed to the merits summary judgment phase on Claim 1 against Defendants Reichert and Wills concerning Plaintiff's allegations that he suffered unconstitutional conditions of confinement in relation to recreation and access to showers while in segregation at Menard from June of 2023 through March of 2024.  A merits summary judgment schedule shall follow.

**IT IS SO ORDERED.**

Dated: February 19, 2026        /s/ *David W. Dugan*
      _____
      DAVID W. DUGAN
      United States District Judge